**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JAMES BUECHLER and JESSE MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RUMBLE INC.,<br><br>    Defendant. | Case No. 8:22-cv-02237-SDM-AAS |

## STIPULATION REGARDING EXPERT DISCOVERY

On November 29, 2022, Plaintiffs James Buechler and Jesse Martinez ("Plaintiffs") and Defendant Rumble Inc. ("Defendant") (collectively, the "Parties"), agreed to and filed a Uniform Case Management Report (Dk. No. 32) to govern the above-captioned action, which provides for the presentation of expert testimony. The Parties have discussed and agreed upon the proposed procedures to govern the scope of disclosures and discovery relating to all experts (testifying and non-testifying).

Rumble contends that pursuant to the forum selection clause, any litigation, if at all, should proceed in Ontario. Plaintiff disagrees. By agreeing to this Stipulation Regarding Expert Discovery, Rumble is not agreeing to litigate in this district and preserves all arguments in this regard.

1. Except as specifically set forth and/or modified herein, the Parties shall comply with all the requirements of Federal Rule of Civil Procedure 26 with regard to the scope of disclosures and discovery relating to all experts.

2. Any expert retained in connection with the above-captioned action shall be provided with a copy of this Stipulation.

3. The Parties agree that the only disclosures relating to retained experts (testifying and non-testifying) and consultants in the above-captioned action shall be those pertaining only to testifying experts, resulting from and as required by Federal Rule of Civil Procedure 26(a)(2) as modified by this Stipulation.

4. For purposes both of the disclosure requirement agreed to in Paragraph 3 above and also for purposes of discovery relating to experts, the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

5. Unless relied upon by a testifying expert as a basis for his or her opinion(s) expressed in final expert reports, declarations or other testimony in this litigation, the following categories of information, whether in documents, communications, or other forms, shall not be discoverable:

   a. Draft reports, draft studies, draft affidavits, or draft work papers; preliminary or intermediate calculations, computations, or data; or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert unless the expert relies on the aforementioned as the basis of his or her opinion(s);

    b.    Any notes or other writings taken or prepared by or for an expert in connection with this litigation, including but not limited to, correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert, unless the expert relies on the aforementioned as the basis for his or her opinion(s);

    c.    Materials or information that may have been reviewed or considered but not relied upon by the expert; and

    d.    Written or oral communications between the expert and any Party or counsel or other agent for the Party on whose behalf the expert was engaged, except to the limited extent that an expert expressly relies on a communication of a matter of fact from such counsel, agent, or Party in the expert's report.

6.    The Parties shall not be obliged to include documents encompassed within the scope of Paragraph 5 above on any privilege log.

7.    Within three calendar days of service of an expert report, declaration, or affidavit, the Party or Parties submitting such report, declaration, or affidavit shall produce all the data, documents, and other information relied upon by the expert witness as a basis for the expert witness' opinion(s). Data, documents, and other information relied upon by an expert witness shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells, if applicable), statistical analyses, regression analyses, input and output files

for each program or computer code, programs, computer code, and other sources, reports, schedules, literature, or websites. Data, spreadsheets, (including formulas embedded in spreadsheet cells, if applicable), statistical analyses, regression analyses, input and output files for each program or computer code, programs, computer code, and other sources, reports, schedules, literature, or websites shall be produced in native electronic and fixed formats. Native format documents may be stripped of their metadata, provided that formulae, hidden columns, and algorithms in native format that are required to derive the results displayed therein are preserved. A detailed file that explains (1) each of the source input files and Bates-numbered data files to be included in each specific folder of the backup production and (2) the specific order to run each program or computer code shall also be produced. Bates numbered documents previously produced by any Party and documents that are publicly available need not be produced, but a list of any such documents identified by Bates number (and, for publicly available documents, the location where such materials can be located) shall be included with the information relied upon by the expert. Neither party needs to produce programs or software that are publicly available at reasonable cost and within a reasonable time. Documents that are publicly available must be identified but need not be produced absent specific request. Documents and data should be produced electronically (via email or storage device such as hard drive or thumb drive) where appropriate.

8. The production of information relied upon shall be sufficient for the opposing Parties and experts to reconstruct and verify the expert's work,

calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort.

9. Without prejudice to a party's rights under Federal Rule of Civil Procedure 26(b)(4)(D)(i) and (ii), all work product prepared by or at the direction of a non-testifying expert or consultant (including, but not limited to, notes, outlines, memoranda, reports, drafts, research, and analyses), as well as communications by or among such non-testifying experts or consultants or their staffs, shall not be discoverable through any means.

10. Any fees charged by an expert for responding to discovery, including time spent at depositions, shall be paid by the party who has retained the expert.

11. Nothing in this Stipulation shall limit or waive any Party's rights to object for any reason to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

12. This Stipulation may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

**IT IS SO STIPULATED.**

Dated: January 26, 2023              Respectfully submitted,

/s/ *Christopher J. Cormier*
Christopher J. Cormier (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com

Nicomedes Sy Herrera (#1029853)
Herrera Kennedy LLP
5072 Annunciation Circle, Suite 207
Ave Maria, FL 34142
Tel: (510) 422-4700
nherrera@herrerakennedy.com

Hannah M. Crowe (*pro hac vice*)
Lauren M. Cross (*pro hac vice*)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Tel: (469) 904-4550
hcrowe@burnscharest.com
lcross@burnscharest.com

Rachel Geman (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
rgeman@lchb.com
dcuthbertson@lchb.com

Michael K. Sheen (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
msheen@lchb.com

        Shawn M. Kennedy
        HERRERA KENNEDY LLP (*pro hac vice*)
        4590 MacArthur Blvd., Suite 500
        Newport Beach, CA 92660
        Tel: (949) 936-0900
        skennedy@herrerakennedy.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: January 26, 2023        Respectfully submitted,

        /s/ *Gregory Dubinsky*
        Gregory Dubinsky (*pro hac vice*)
        Jayme Jonat (*pro hac vice*)
        HOLWELL SHUSTER & GOLDBERG LLP
        425 Lexington Avenue
        New York, NY 10017
        (646) 837-5151
        gdubinsky@hsgllp.com

        SHUMAKER, LOOP & KENDRICK, LLP
        Jennifer B. Compton
        420 S. Pineapple Avenue
        P.O. Box 49948
        Sarasota, Florida 34230-6948
        (941) 366-6660
        jcompton@shumaker.com

*Attorneys for Defendant Rumble Inc.*