UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BEUCHLER and JESSE
MARTINEZ, on behalf of themselves
and others similarly situated,

    Plaintiffs,

v.                              CASE NO. 8:22-cv-2237-SDM-AAS

RUMBLE, INC.

    Defendant.
_____/

**ORDER**

    Rumble moves to dismiss the complaint. Rumble asserts two principal reasons for dismissal.

    First, Rumble claims the existence of a right to exclusive venue in Ontario, Canada. Although Rumble characterizes this as a motion for "dismissal for *forum non conveniens*," violation of an exclusive venue provision results in a motion to dismiss for improper venue; an inconvenient venue results in a motion to transfer to a more convenient venue. In either event, the basis for Rumble's motion is clear. However, although the argument for exclusive venue in Canada is formidable, certain facts are insufficiently distinct to permit dismissal; a motion for summary judgment after discovery directed to the pertinent issue seems a more reliable mechanism to address the venue challenge definitively.

Second, Rumble argues that the facts alleged in the complaint fail to state a claim for relief under the Video Privacy Protection Act. On page 17 of the motion to dismiss, Rumble summarizes the perceived failings of the complaint, and each alleged failing derives from the mechanics of the operation of Rumble, Facebook, Pixel, and Facebook's subscribers, the details of all of which appear disputed or incomplete or, at least, not confidently ascertainable from the papers presented (without — on an undeveloped record — resolving a dispute of fact). Again, the merits of Rumble's claim, although quite forceful, appear more susceptible to confident resolution by a motion for summary judgment.

Rumble's motion (Doc. 30) is **DENIED**.

ORDERED in Tampa, Florida, on March 13, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE