# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| JAMES BUECHLER and JESSE MARTINEZ, on behalf of themselves and all others similarly situated, | Case No. 8:22-cv-02237 |
| Plaintiffs, | |
| v. | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RUMBLE, INC.** |
| RUMBLE INC., | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs James Buechler and Jesse Martinez ("Plaintiffs") hereby propound their First Set of Requests for Production of Documents upon Defendant Rumble, Inc. ("Defendant" or "Rumble"), and request that Defendant respond within the time period set forth in the Federal Rules of Civil Procedure and any other applicable rules and orders.

### DEFINITIONS

1.        "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.        "And" and "or" are terms of inclusion and not of exclusion and are to be construed to bring within the scope of these requests any documents or responses that might otherwise be considered outside their scope.

3.        "Any" should be construed to mean "any and all."

4.　　　　　"Rumble," "You," and "Your" mean Defendant Rumble, Inc. and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities.

5.　　　　　"Complaint" means the complaint filed on September 29, 2022, in *Buechler et al v. Rumble, Inc.*, No. 8:22-cv-02237, as may be superseded by any subsequent consolidated complaints.

6.　　　　　"Communication" means oral or written communications of any kind that transmit information, including electronic communications such as emails, online messages, mobile messages, machine-generated messages, and facsimiles (including, for example, any exchanged over platforms such as Microsoft Outlook, Microsoft Teams, Apple Mail, Gmail, and Slack); telephone communications; and letters, memoranda, exchanges of written or recorded information, in-person and virtual (e.g., Zoom) meetings, and events that more than one person attends. The phrase "communication between" also means instances where one party disseminates information that the other party receives but does not respond to.

7.　　　　　"Concerning" means, without limitation, the following concepts: regarding, in connection with, referring to, relating to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting,

assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

8.      "Describe," when referring to a document, means to state the following: (a) the nature (e.g., data, computer code, e-mail, letter, handwritten note, PowerPoint) of the document; (b) the title or heading that appears on the document; (c) the date of the document and the date of each addendum, supplement, or any other addition or change; (d) the identity of the document's author or creator, custodian(s), and any addressees or recipients of the document; (e) the present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document; and (f) the Bates or other control number(s), if any, assigned to the document.

9.      "Document" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, and shall be construed in its broadest sense to include, without limitation, the final form and all drafts and revisions of any paper, electronic, or other substance or thing, original or reproduced, and all copies thereof that are different in any way from the original, on which any words, letters, numbers, symbols, pictures, graphics, or any other form of information is written, typed, printed, inscribed, or otherwise visibly shown, and also every other form of stored or recorded information, whether on film, tape, disks, cards, computer memories, internet hosting site, or any other medium or device whereby stored information can, by any means whatsoever, be printed or otherwise recovered, generated or displayed in the form of visible, audible, or otherwise

perceptible words, letters, numbers, symbols, pictures, or graphics. Each and every draft of a document is a separate document for purposes of these requests.

10.    "Facebook" refers to the company previously known as Facebook, Inc. and now known as Meta Platforms, Inc.

11.    "Facebook ID" means the unique combination of numbers associated with a user's Facebook profile.

12.    "Identify," when referring to an individual, means to state the following: (a) the individual's full name; (b) the time period for which You employed the individual; (c) the individual's positions(s) and job title(s); and (d) the individual's duties and responsibilities for each position or title.

13.    "Personally Identifiable Information" means "information which identifies a person as having requested or obtained specific video materials or services from a video tape provider," 18 U.S.C. § 2710(a)(3), including one's Facebook ID, name, address, birthdate, Social Security number, driver's license information, passport information, financial information including bank routing and account numbers, and health, disability, or related benefit information, and the title, URL, descriptor or similar information that specifies that video content.

14.    "Pixel" or "Facebook Pixel" means a snippet of programming code that, once installed on a webpage, sends information to Facebook.

15.    "Subscriber" means any person who paid money to Defendant in its capacity as a "video tape service provider" under any subscription plan or offering in exchange for access to content available on its websites. *See* 18 U.S.C. § 2710(a)(1), (4).

16.     "Video Privacy Protection Act" means 18 U.S.C. § 2710.

17.     "Websites" means rumble.com and any associated webpages.

## INSTRUCTIONS

1.      Unless otherwise specified, for Defendant's rumble.com website, the relevant time period for purposes of all applicable requests is September 29, 2020 through the date of Your responses, and includes all documents and information relating to events or transactions within this period, even if prepared, received, or reviewed outside of this period.

2.      All Documents are to be produced pursuant to the terms set forth in any stipulation or order governing document production in this litigation.

3.      If any information called for by any Request for Production is withheld under a claim of privilege or work product, Defendant must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to, or the Court sets, another date. Privilege logs must contain the information set forth in Federal Rule of Civil Procedure 26(b)(5) and any other applicable rules or orders.

4.      If a copy of a requested Document is not identical to any other copy of the same Document, by reason of alterations, marginal notes, comments, etc., all non-identical copies shall be produced. All Documents that are physically attached to each other when located for production shall be left so attached.

5.      All Documents are to be produced in their entirety, without abbreviation or expurgation, including both back and front thereof, with all attachments or other matters affixed thereto.

6.               If You object to any part of a Request for Production, You must set forth Your basis for the objection and specify what You agree to produce that is responsive to the request.

7.               If in the course of responding to these Requests for Production, You encounter any ambiguity in the Requests for Production, in a definition, or in an instruction relevant to the Requests for Production, explain what You find to be ambiguous and what construction You used in providing Your response.

8.               If production of any requested Document is objected to on the grounds that production is unduly burdensome, you must describe the burden with the amount of specificity that the governing caselaw requires so that Plaintiffs (and the Court if necessary) appropriately can assess the merits of any such objection.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications concerning Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2**: A list or lists of all Your subscribers to rumble.com.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications concerning the Facebook Pixel, including the conditions under which the Facebook Pixel, and its underlying events and parameters, share (or cause the sharing of) data with Facebook.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications concerning Your decision to implement, and the installation of, the Facebook Pixel, and its underlying events and parameters, on the Websites.

**REQUEST FOR PRODUCTION NO. 5**: All Documents and Communications, including data, concerning the information collected and shared by or through the Websites via the Facebook Pixel on each occasion any of Your subscribers request or obtain a video on one of the Websites.

**REQUEST FOR PRODUCTION NO. 6**: Documents, including data, sufficient to show all disclosures of Your subscribers' Personally Identifiable Information to Facebook, including the number of such disclosures, the number of affected subscribers, what types of Personally Identifiable Information was disclosed in each disclosure, and the identity of the subscriber in each disclosure.

**REQUEST FOR PRODUCTION NO. 7**: All Documents and Communications concerning the Video Privacy Protection Act or any other domestic federal or state privacy law, including Your knowledge of, and efforts to comply with, such laws.

**REQUEST FOR PRODUCTION NO. 8**: Documents discussing, referencing or summarizing the effect that targeted or similar online advertising or marketing efforts or programs that You have purchased, executed, effectuated or otherwise participated in with Facebook has had on Your revenues, profits, projections or subscriber numbers.

**REQUEST FOR PRODUCTION NO. 9**: All Documents and Communications concerning Your policies regarding the collection, sharing, or use of data of Your

Subscribers, including Your legal compliance policies, privacy policies, and terms or conditions of use or service.

**REQUEST FOR PRODUCTION NO. 10**: Documents sufficient to show the number of Your subscribers who visited the Websites and requested or obtained a video.

**REQUEST FOR PRODUCTION NO. 11**: All inquiries, comments or complaints received by You concerning the sharing of subscriber information with any third party (including Facebook).

**REQUEST FOR PRODUCTION NO. 12**: Website code, technical documentation, technical papers, and computer source code sufficient to show the manner in which the Websites operated to collect and transmit subscribers' Personally Identifiable Information by or through the Facebook Pixel, and its underlying events and parameters, installed on the Websites.

**REQUEST FOR PRODUCTION NO. 13**: All Documents and Communications exchanged between You and Facebook, including all contracts and agreements between You and Facebook, all payments or other forms of consideration exchanged between You and Facebook, all e-mails, letters, reports, or memos, and all advertising, marketing, or sales materials, brochures, or presentations.

**REQUEST FOR PRODUCTION NO. 14**: All Documents and Communications that you intend to introduce as exhibits, rely on, or otherwise use in the defense of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15**: All Documents and Communications regarding this lawsuit or any other lawsuit alleging violations of the VPPA arising

out of the use of the Facebook Pixel, excluding privileged communications between You and Your counsel.

**REQUEST FOR PRODUCTION NO. 16**: All Documents and Communications reflecting targeted advertising, advertising segments, cohorts, interest groups, lookalike audiences, categories, or custom audiences that Your subscribers belong to, including those that relate to Facebook advertising or were created as a result of actions subscribers took on the Websites.

**REQUEST FOR PRODUCTION NO. 17:** Organizational charts and similar Documents identifying Your directors, officers and employees and their titles or job positions.

Dated: December 30, 2022

Respectfully submitted,

/s/ *Christopher J. Cormier*
_____
Christopher J. Cormier (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com

Hannah M. Crowe (*pro hac vice)*
Lauren M. Cross (*pro hac vice)*
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
hcrowe@burnscharest.com
lcross@burnscharest.com

Rachel Geman (*pro hac vice)*
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Tel: (212) 355-9500
rgeman@lchb.com
dcuthbertson@lchb.com

Michael K. Sheen (*pro hac vice)*
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

Shawn M. Kennedy (*pro hac vice)*
HERRERA KENNEDY LLP
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
skennedy@herrerakennedy.com

Nicomedes Sy Herrera (FL Bar No 1029853)
HERRERA KENNEDY LLP
5072 Annunciation Circle, Suite 207
Ave Maria, FL 34142
Tel: (510) 422-4700
nherrera@herrerakennedy.com

*Attorneys for Plaintiffs and the Proposed Class*