# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JAMES BUECHLER and JESSE MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUMBLE INC.,<br><br>Defendant. | Case No. 8:22-cv-02237<br><br><br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT RUMBLE, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs James Buechler and Jesse Martinez ("Plaintiffs") hereby propound their First Set of Interrogatories upon Defendant Rumble, Inc. ("Defendant" or "Rumble"), and requests that Defendant respond within the time period set forth in the Federal Rules of Civil Procedure and any other applicable rules and orders.

## DEFINITIONS

1. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2. "And" and "or" are terms of inclusion and not of exclusion and are to be construed to bring within the scope of these requests any documents or responses that might otherwise be considered outside their scope.

3. "Any" should be construed to mean "any and all."

4. "Rumble," "You," and "Your" mean Defendant Rumble, Inc. and its predecessors and successors in interest; its present and former officers, directors,

and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities.

5. "Complaint" means the complaint filed on September 29, 2022, in *Buechler et al v. Rumble, Inc.*, No. 8:22-cv-02237, as may be superseded by any subsequent consolidated complaints.

6. "Communication" means oral or written communications of any kind that transmit information, including electronic communications such as emails, online messages, mobile messages, machine-generated messages, and facsimiles (including, for example, any exchanged over platforms such as Microsoft Outlook, Microsoft Teams, Apple Mail, Gmail, and Slack); telephone communications; and letters, memoranda, exchanges of written or recorded information, in-person and virtual (e.g., Zoom) meetings, and events that more than one person attends. The phrase "communication between" also means instances where one party disseminates information that the other party receives but does not respond to.

7. "Concerning" means, without limitation, the following concepts: regarding, in connection with, referring to, relating to, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

8. "Describe," when referring to a document, means to state the following: (a) the nature (e.g., data, computer code, e-mail, letter, handwritten

2

note, PowerPoint) of the document; (b) the title or heading that appears on the document; (c) the date of the document and the date of each addendum, supplement, or any other addition or change; (d) the identity of the document's author or creator, custodian(s), and any addressees or recipients of the document; (e) the present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document; and (f) the Bates or other control number(s), if any, assigned to the document.

9. "Document" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, and shall be construed in its broadest sense to include, without limitation, the final form and all drafts and revisions of any paper, electronic, or other substance or thing, original or reproduced, and all copies thereof that are different in any way from the original, on which any words, letters, numbers, symbols, pictures, graphics, or any other form of information is written, typed, printed, inscribed, or otherwise visibly shown, and also every other form of stored or recorded information, whether on film, tape, disks, cards, computer memories, internet hosting site, or any other medium or device whereby stored information can, by any means whatsoever, be printed or otherwise recovered, generated or displayed in the form of visible, audible, or otherwise perceptible words, letters, numbers, symbols, pictures, or graphics. Each and every draft of a document is a separate document for purposes of these requests.

10. "Facebook" refers to the company previously known as Facebook, Inc. and now known as Meta Platforms, Inc.

11. "Facebook ID" means the unique combination of numbers associated with a user's Facebook profile.

12. "Identify," when referring to an individual, means to state the following: (a) the individual's full name; (b) the time period for which You employed the individual; (c) the individual's positions(s) and job title(s); and (d) the individual's duties and responsibilities for each position or title.

13. "Personally Identifiable Information" means "information which identifies a person as having requested or obtained specific video materials or services from a video tape provider," 18 U.S.C. § 2710(a)(3), including one's Facebook ID, name, address, email address, birthdate, or Social Security number, and the title, URL, descriptor or similar information that specifies that video content.

14. "Pixel" or "Facebook Pixel" means a snippet of programming code that, once installed on a webpage, sends information to Facebook.

15. "Subscriber" means any person who has paid money or otherwise given consideration to or established an ongoing relationship with Defendant in its capacity as a "video tape service provider" under any subscription plan or offering in exchange for access to content available on its websites. *See* 18 U.S.C. § 2710(a)(1), (4).

16. "Video Privacy Protection Act" means 18 U.S.C. § 2710.

17. "Websites" means rumble.com and any associated webpages.

4

## INSTRUCTIONS

1. Unless otherwise specified, for Defendant's rumble.com website, the relevant time period for purposes of all applicable interrogatories is September 29, 2020 through the date of Your responses, and includes all information relating to events or transactions within this period, even if prepared, received, or reviewed outside of this period.

2. The Interrogatory responses requested below include not only those personally known or available to You but also those known or available to all of Your attorneys, agents, servants, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for on behalf of You.

3. Each Interrogatory must be answered in full. If this cannot be done after conducting a reasonable investigation, please answer to the fullest extent possible, explaining why a complete answer is not possible, stating any knowledge, information, or belief concerning the unanswered portion of the interrogatory, what information or documents cannot be provided, why the information or documents are not available, and what efforts were made to obtain the unavailable information or documents.

4. If any information called for by any Interrogatory is withheld under a claim of privilege or work product, Defendant must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to, or the Court sets,

another date. Privilege logs must contain the information set forth in Federal Rule of Civil Procedure 26(b)(5) and any other applicable rules or orders.

5. If You object to any part of an Interrogatory, You must set forth Your basis for the objection with particularity, including the reasons for the objection and the categories of information to which the objection applies, and answer all other parts in full.

6. If in the course of responding to these Interrogatories, You encounter any ambiguity in the Interrogatories, in a definition, or in an instruction, explain with particularity what You find to be ambiguous, and explain what reasonable construction You used in providing Your response.

7. If You object to any Interrogatory on the grounds that responding would be unduly burdensome, you must describe the burden with the amount of specificity that the governing caselaw requires so that Plaintiffs (and the Court if necessary) appropriately can assess the merits of any such objection.

8. You have an ongoing obligation to supplement your responses to these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1**: State the time period(s) for which You have used the Facebook Pixel, and its underlying events and parameters, on the Websites.

**INTERROGATORY NO. 2:** Describe each category of information, including each type of Personally Identifiable Information, concerning Your subscribers that the Facebook Pixel, and its underlying events and parameters, on the Websites has

collected and sent or caused to be sent to Meta when any of Your subscribers has requested or obtained video content on the Websites.

**INTERROGATORY NO. 3:** Describe in what, if any, ways You have changed the functionality of the Facebook Pixel installed on the Websites, including adding, removing or modifying categories of information, including underlying events and parameters, it collects and sends or causes to be sent to Meta, along with the dates You made any changes.

**INTERROGATORY NO. 4:** Describe what, if any, data, databases or repositories, or other Documents are in Your possession, custody or control that contain, list or show the transmissions, and each underlying category of information, the Facebook Pixel, and its underlying events and parameters, installed on the Websites has collected and sent or caused to be sent to Meta when Your subscribers have requested or obtained video content on the Websites.

**INTERROGATORY NO. 5:** State all purposes for which You installed the Facebook Pixel, and its underlying events and parameters, on the Websites, including how and why You have used them.

**INTERROGATORY NO. 6:** State the number of subscribers You have had for each Website, including the number who have requested or obtained at least one video on each Website.

**INTERROGATORY NO. 7:** Identify each individual involved in or with responsibility for the development, programming, installation or maintenance of any computer program or code on the Websites, including the Pixel, obtained from

or through any company offering digital advertising, such as targeted or custom advertising, including Facebook.

**INTERROGATORY NO. 8:** Identify each individual with knowledge of or responsibility for the Websites' collection and sharing with Facebook through the Pixel installed on the Websites Your subscribers' Personally Identifiable Information.

**INTERROGATORY NO. 9:** Identify each individual with knowledge of all the purported notices You have provided on the Websites informing Your subscribers that You disclose their Personally Identifiable Information to Facebook, of any consent You purportedly received from each of Your subscribers to do so, and of Your knowledge of and compliance with the Video Privacy Protection Act and other applicable federal and state privacy laws.

**INTERROGATORY NO. 10:** Identify each individual answering, assisting, or participating in preparing the responses to the operative Complaint, these Interrogatories, and Plaintiff's First Set of Requests for Production of Documents.

Dated: December 30, 2022

Respectfully submitted,

/s/ *Christopher J. Cormier*

_____
Christopher J. Cormier (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com

Hannah M. Crowe (*pro hac vice*)
Lauren M. Cross (*pro hac vice*)
BURNS CHAREST LLP

8

900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
hcrowe@burnscharest.com
lcross@burnscharest.com

Rachel Geman (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (212) 355-9500
rgeman@lchb.com
dcuthbertson@lchb.com

Michael K. Sheen (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

Shawn M. Kennedy (*pro hac vice*)
HERRERA KENNEDY LLP
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
skennedy@herrerakennedy.com

Nicomedes Sy Herrera (FL Bar No 1029853)
HERRERA KENNEDY LLP
5072 Annunciation Circle, Suite 207
Ave Maria, FL 34142
Tel: (510) 422-4700
nherrera@herrerakennedy.com

*Attorneys for Plaintiffs and the Proposed Class*