# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JAMES BUECHLER and JESSE MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>RUMBLE INC.,<br><br>    Defendant. | Case No. 8:22-cv-02237-SDM-AAS |

## RUMBLE INC.'S RESPONSE TO PLAINTIFF
## JAMES BUECHLER'S MOTION FOR VOLUNTARY DISMISSAL

Defendant Rumble, Inc. ("Rumble") respectfully submits this memorandum in response to Plaintiff James Buechler's Motion for Voluntary Dismissal, Dkt. 81.

## INTRODUCTION

Plaintiffs brought this suit in Florida in violation of a forum-selection clause pointing to Canada and have resisted dismissal for nearly a year.[1] Suddenly, Plaintiff James Buechler shifted course; he now asks the Court to dismiss his claim against Rumble pursuant to Rule 41(a)(2). Mr. Buechler's abrupt change of heart came as soon as Rumble uncovered his apparent

---

[1] Notably, in his deposition, Plaintiff James Buechler admitted that before signing up for an account on rumble.com he (i) agreed to the Terms and Conditions and (ii) read the forum-selection clause, and that (iii) the Terms and Conditions were binding on him. Dubinsky Ex. 3 at 107:14–16, 114:19–21, 120:2–5.

doctoring of evidence and perjury. Mr. Buechler seemingly wishes to try to outrun this Court's reach before his misdeeds catch up with him. But while this suit should be dismissed, Mr. Buechler cannot merely doctor evidence and commit perjury in a federal proceeding and skip away once he is caught. This Court should condition his dismissal on severe sanctions to ensure that such a blatant violation of the integrity of federal judicial proceedings is punished appropriately.

This suit never should have been brought in the first place, and it certainly never should have been brought in Florida. But while dismissal is appropriate, what Mr. Buechler seemingly asks of the Court—to merely dismiss his claims and let bygones be bygones, regardless of Mr. Buechler's sullying of the judicial process—is wholly inappropriate. Rather, the Court should exercise its authority under Rule 41 to condition dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As Rumble set forth in its recently filed motion for sanctions, Dkt. 85, given the severity of Mr. Buechler's affront to the integrity of the Court, the Court should impose appropriate sanctions to make clear to Mr. Buechler and others that a party caught doctoring evidence and committing perjury in a civil case cannot get off scot-free by merely choosing to drop the litigation.

## BACKGROUND

**A.     Plaintiffs sue in the wrong forum.**

Plaintiffs filed this lawsuit on September 29, 2022. Dkt. 1. The Complaint alleges that Mr. Buechler and his co-plaintiff used their smart phones and other devices to access video content on rumble.com. Compl. ¶¶ 12, 14. At all relevant times, rumble.com's Terms and Conditions have contained a forum-selection clause mandating that any claims "arising out of or relating to" the Terms of Use or the use of "the Rumble Services" must be brought in Ontario, Canada. *See* Dkt. 30 at 5. On November 23, 2022, Rumble moved to dismiss this case in favor of the courts of Ontario. *See id.*

On March 13, 2023, the Court observed that "the argument for exclusive venue in Canada is formidable" but declined to dismiss on the basis that "certain facts are insufficiently distinct." Dkt. 54 at 1. Because the Court suggested that Rumble could move again on the forum issue "after discovery directed to the pertinent issue," Rumble sought and obtained an order limiting discovery to forum-related issues for a period of 90 days. Dkt. 65.

**B.     Buechler produces an altered document.**

As part of the forum-related discovery the Court ordered, Plaintiffs' counsel produced two emails from Mr. Buechler's files. One of those is an email, from rumble.com to Mr. Buechler, purportedly dated January 21, 2022,

providing a link for Mr. Buechler to activate his rumble.com account (the "Altered Email") (Dubinsky Ex. 1).[2]

The Altered Email is all but certainly doctored to reflect the January 21, 2022 date. Internal company files reveal that Mr. Buechler actually signed up for his rumble.com account on September 23, 2022—a mere six days before he commenced this litigation. *See* Dubinsky Ex. 2 (Buechler user file document). Moreover, as Rumble's Chief Technology Officer explains, the Altered Email could not have been sent before April 2022; as of that month, rumble.com changed the format of the activation emails sent to users, and the Altered Email has the post-April 2022 format. *See* Dkt. 87, Declaration of Wojciech Hlibowicki ("Hlibowicki Decl."). In other words, as the Rumble CTO avers, "the form of the link in [the Altered Email] indicates that the email was sent, if it was sent, after April 5, 2022." Hlibowicki Decl. ¶ 5.[3]

Consistent with its records, Rumble had indicated in its Answer, filed in March 2023, that "Plaintiff James Buechler has had an account on rumble.com since September 23, 2022," Answer, Dkt. 56, ¶ 84, and Rumble produced to Plaintiffs during discovery an internal record in advance of Mr. Buechler's

---

[2] "Dubinsky Ex. ___" refers to exhibits to the Declaration of Gregory Dubinsky filed concurrently with Rumble's Motion for Sanctions (*see* Dkt. 86).

[3] It is unknown at this time why Mr. Buechler apparently chose to backdate the Altered Email and lie about it. However, he testified at deposition that he decided to sue Rumble after seeing an online survey from Plaintiffs' counsel. Dubinsky Ex. 3 at 18:24-19:6. Given that internal records show that Mr. Buechler created his account a mere six days before the Complaint was filed, one plausible explanation is that he created his rumble.com account solely for the purpose of suing Rumble and only *after* he saw the survey—and sought to create the impression that he had actually been a rumble.com user for months before Plaintiffs' counsel began soliciting clients to sue Rumble.

deposition showing that Mr. Buechler created his rumble.com account on September 23, 2022.  Dubinsky Ex. 2.

    **C.    Buechler falsely testifies that he received the Altered Email and created his rumble.com account in January 2022.**

Rumble deposed Mr. Buechler on July 11, 2023.  During that deposition, Mr. Buechler swore under oath on multiple occasions that he received the Altered Email in January 2022—the date reflected on the Altered Email—and contemporaneously signed up for an account on rumble.com on January 21, 2022.  *See* Dubinsky Ex. 3 (Buechler Trans.) at 21:4–9, 38:19–22, 146:25–147:2.  When confronted with rumble.com internal records—and the software code change showing that the Altered Email could not have been sent before April 2022—Mr. Buechler could not explain the discrepancy.  *Id.* at 143.

At his deposition, Mr. Buechler swore that the Altered Email was still in his inbox, that he "did not delete anything" in terms of email, and that he would commit to producing a native version of the at-issue email.  *Id.* at 157:8–14, 44:17–24, 157:15–18.  He also swore that the Altered Email, if retrieved from his email inbox, would contain the January 21, 2022 date.  *Id.* at 157:8–14.

As the Court knows, a "native" email means the original email as it exists on Mr. Buechler's device; as produced, the Altered Email was simply an image file that apparently was created from a PDF.  To the extent there could be any innocent explanation for the discrepancy in registration dates, that native email would likely shed light on the issue.

### D. Plaintiffs' counsel informs Rumble that Mr. Buechler did not provide his counsel the native version of the Altered Email and that Mr. Buechler suddenly wishes to dismiss his claims against Rumble.

Following Mr. Buechler's deposition, counsel for Rumble raised the grave concerns arising from Mr. Buechler's testimony and the Altered Email. Rumble invited Plaintiffs' counsel to produce a native version of the Altered Email by July 17, 2023. Six days after the deposition, on July 17, Plaintiffs' counsel stated that they were "in the process of investigating," but they failed to explain why it required a week (or longer) to obtain and produce a single e-mail that their client admitted exists on his phone and that he committed to produce. Dubinsky Ex. 4. Nor did they explain why they did not previously investigate the discrepancy between (i) the date of Mr. Buechler's activation email and (ii) the date given in Rumble's Answer for Mr. Buechler's account creation as well as the user data Rumble produced bearing the same September 2022 date.

On July 19, two days later, Plaintiffs' counsel stated that they had "endeavored over the past week to collect the native version of that email to produce to Rumble. Despite those efforts, Mr. Buechler has not provided the native version of the email, so we are unable to provide it to Rumble." Dubinsky Ex. 5. Plaintiffs' counsel also informed Rumble in the same message that "Mr. Buechler has asked . . . to have his claims against Rumble dismissed"; in that message, Plaintiffs' counsel offered a stipulation only for dismissal without prejudice and on the condition that Mr. Buechler remain a member of the putative class. *Id.*

### E. Buechler spoliates evidence.

In addition to apparently producing an altered document and perjuring himself, Mr. Buechler admittedly destroyed evidence. In the Complaint, Plaintiffs plead that Mr. Buechler "used a . . . smart phone to access streaming video content" on rumble.com. Compl. ¶ 12. Moreover, at his deposition, Mr. Buechler testified that he had used the Rumble mobile application to access his rumble.com account. However, he subsequently testified at his deposition that the rumble.com application (and presumably its data) no longer exists on the same phone he had installed it on. Dubinsky Ex. 3 at 55:3–6, 55:13–22 ("It is not on my phone.").

Mr. Buechler conceded that he never made his phone available for review by his lawyers and that his lawyers similarly did not obtain his phone from him. *Id.* at 54:2–7 ("I haven't downloaded my phone to them"). What is more, he understood that he did not need to preserve the data on his phone—*i.e.*, the device he purportedly used to watch rumble.com videos. *Id.* at 59:19-21 ("When they told me to preserve documents, I assumed that would be e-mails, correspondence."). Thus, Mr. Buechler's explanation for why the Rumble application is no longer on his phone was: "If I wanted to get rid of it, ***I would have deleted it*** because I don't think that would be a document or anything like that . . . ." *Id.* at 59:19–25 (emphasis added).

The failure to preserve data on Mr. Buechler's phone is a breach of the parties' Stipulation Regarding the Production of Electronically Stored

Information and Hard Copy Documents (the "ESI Stipulation"), Dkt. 53. Dubinsky Ex. 10. In the ESI Stipulation, Mr. Buechler agreed through his counsel that "any device that Plaintiffs used to access Rumble or Facebook will be preserved." *Id.* ¶ 5(f). Mr. Buechler's counsel also apparently made insufficient efforts to ensure that evidence would be preserved in accordance with the ESI Stipulation.

On August 3, 2023, Mr. Buechler's counsel said that they were "not in a position" to say whether Mr. Buechler has *any* further documents responsive to Rumble's discovery requests beyond those produced. Dubinsky Ex. 8. Mr. Buechler's position apparently is that because he wants out of this case and has asked the Court to so order his dismissal, it is not "appropriate" for Rumble to so much as ask about whether Mr. Buechler has satisfied his discovery obligations. *Id.* Rumble respectfully submits that is putting the cart before the horse, and that Mr. Buechler must continue to play by the rules *in this litigation that he started* until his claims have been fully dismissed and all outstanding issues (including Rumble's motion for sanctions) have been addressed and resolved.

### F. Buechler was previously accused of altering evidence in federal court litigation.

Mr. Buechler is no stranger to the litigation process. Indeed, he appears to have been a plaintiff in some 40 other cases—despite falsely claiming at deposition that he had been involved in only approximately 10 other cases. *See* Dubinsky Ex. 3 at 14:15–19. Mr. Buechler also falsely denied that he had ever been accused of fraudulent conduct in the past—until confronted with a federal

8

court opinion stating as much. *Id.* at 147:10–12. *See Buechler v. Best Gaming, Inc.*, 2013 WL 1830079, at *1 (D. Md. Apr. 30, 2013) (reciting that Buechler was "accused of fraudulent conduct"— including "'photo-shopp[ing]'" "pictures" he submitted in support of his claim).

Moreover, a mere two days after seemingly committing perjury in this case, Mr. Buechler brought another putative class action in federal court—this one, alleging that he was harmed as a result of a hacking incident involving a healthcare service provider. *Buechler v. Adv. Med. Mgmt., LLC*, No. 23-1891 (D. Md. July 13, 2023).

## ARGUMENT

Because Rumble has filed an Answer, Mr. Buechler cannot voluntarily dismiss his claim without leave of the Court. Indeed, once a defendant has answered, a plaintiff seeking to voluntarily dismiss his complaint must obtain a court order, which the Court may issue "on terms that the court considers proper." *United States v. $70,670 in U.S. Currency*, 2018 WL 278890, at *2 (S.D. Fla. Jan. 3, 2018), *aff'd sub nom. United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293 (11th Cir. 2019). In considering a motion for voluntary dismissal with prejudice, "the court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Macort v. Prem, Inc.*, 2005 WL 8151794, at *4 (11th Cir. Mar. 29, 2005) (internal quotation marks omitted).

The Eleventh Circuit has made clear that "[a]ny bad faith on the plaintiff's part weighs heavily in favor of the defendant, and often precludes dismissal or requires that the costs be taxed to the defendant." *Id.* Here, in light of Mr. Buechler's severe misconduct, the dismissal of his claims should be accompanied by appropriate conditions under Rule 41(a)(2). It is well settled that a court granting a motion for voluntary dismissal may condition such dismissal on the payment of the defendant's fees and costs. Such a condition is especially appropriate where the moving party has litigated in bad faith. *See, e.g.*, *Complaint of Great Lakes Dredge & Dock Co.*, 179 F.R.D. 336, 340 (S.D. Fla. 1997) (party who "abused the process of this Court" ordered to pay opposing party's "reasonable attorneys fees and costs"); *Weir v. Stagg*, 2011 WL 13174532, at *3 (S.D. Fla. Aug. 31, 2011) (ordering, as a condition of dismissal, that plaintiffs pay attorneys' fees and costs that defendants incurred based on plaintiffs' failure to attend deposition, respond to discovery, and participate in mediation). Mr. Buechler chose to bring this case in violation of the forum-selection clause, he chose to doctor evidence, and he chose to testify falsely during his deposition. Rumble "should not have to bear the costs of [Buechler's] choices." *Weir*, 2011 WL 13174532, at *3.

Rumble has no issue with the dismissal of Mr. Buechler's claims on the merits. This lawsuit never should have been brought—and certainly not in Florida. But allowing Mr. Buechler to walk away from this case and his misconduct consequence-free (presumably to keep litigating his latest class

action in the District of Maryland) would not be appropriate. The decision in *Trujillo v. Banco Cent. del Ecuador* is instructive. 229 F. Supp. 2d 1369 (S.D. Fla. 2002). There, a court granted a motion for voluntary dismissal but "retained jurisdiction to determine the reasonableness of attorneys' fees, costs and expenses incurred by Defendants in defending [the] case"—and ultimately awarded over $700,000 in attorneys' fees against the plaintiffs. *Id.* at 1376. As the Eleventh Circuit reaffirmed in dismissing the appeal in that case, "[t]he district court grants a 41(a)(2) dismissal only in its discretion, and the authority to attach conditions to the order of dismissal prevents defendants from being unfairly affected thereby." 379 F.3d 1298 (11th Cir. 2004) (quotation marks omitted).

Rumble respectfully submits that dismissal of Mr. Buechler's claims be conditioned upon appropriate sanctions, or in the alternative, that the Court make clear that it retains jurisdiction so as to adjudicate all appropriate sanctions following dismissal with prejudice of Mr. Buechler's claims in this matter.[4] Rumble will not speculate about the merits of any of the dozens of Mr. Buechler's other class actions—or whether he did, in fact, doctor evidence in the *Best Gaming* matter. But in this case, there is such clear evidence of misconduct that

---

[4] "A sanctions issue involves potential abuse of the judicial process" and is not moot simply because the underlying claim has been dismissed. *Ctr. for Individual Rts v. Chevaldina*, 829 F. App'x 416, 418 (11th Cir. 2020). *See also Tomelleri v. Natale*, 2022 WL 2341237, at *3 (S.D. Fla. Feb. 18, 2022) (after granting motion for voluntary dismissal, court ordered a "hearing for evidence and oral argument on sanctions—as to both entitlement and amount").

sanctions are plainly warranted. Accordingly, Rumble moved for sanctions today. *See* Dkt. 85.

Accordingly, (1) Mr. Buechler's dismissal should be conditioned on the payment of half of Defendant's costs and fees incurred in defending this action to date, or (2) the Court should expressly state that it retains jurisdiction to resolve all appropriate sanctions in respect of Mr. Buechler's misconduct in this matter.

## CONCLUSION

For the foregoing reasons, Rumble respectfully requests that if the Court grants Mr. Buechler's motion for voluntary dismissal with prejudice, appropriate conditions are attached to such dismissal in order to ensure that Mr. Buechler's misconduct is addressed, including by issuing such relief sought in Rumble's accompanying Motion for Sanctions (Dkt. 85).

Dated:  August 7, 2023
  New York, New York

Respectfully submitted,

| | |
|---|---|
| SHUMAKER, LOOP & KENDRICK, LLP<br>Jennifer B. Compton<br>240 S. Pineapple Avenue<br>P.O. Box 49948<br>Sarasota, Florida 34230-6948<br>(941) 366-6660<br>jcompton@shumaker.com | */s/ Gregory Dubinsky*<br>Gregory Dubinsky (*pro hac vice*)<br>Jayme Jonat (*pro hac vice*)<br>HOLWELL SHUSTER & GOLDBERG LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(646) 837-5151<br>gdubinsky@hsgllp.com<br><br>*Attorneys for Defendant Rumble Inc.* |