**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| JAMES BUECHLER and JESSE MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>RUMBLE INC.,<br><br>     Defendant. | Case No. 8:22-cv-02237-SDM-AAS |

**RUMBLE INC.'S RESPONSE
TO PLAINTIFFS' COUNSEL'S MOTION TO
WITHRAW FROM REPRESENTATION OF JAMES BUECHLER**

At the same time that Plaintiff James Buechler moved to dismiss this case as to him, Plaintiffs' counsel moved to withdraw from representing Mr. Buechler. Notably, Plaintiffs' counsel's motion provided no reason for their sudden desire to cease representing their client and stated only that "Mr. Buechler consents to the withdrawal." Dkt. 82 at 1. Moreover, the motion did not specify whether counsel believes that withdrawal is *mandatory* under Rule 4-1.16(a) of the Rules Regulating the Florida Bar or whether counsel merely seeks *optional* withdrawal under Rule 4-1.16(b). It is, of course, Plaintiffs' counsel's burden to show that there is a legitimate basis for withdrawal. *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001) (citing *Sands v. Moron*, 339 So. 2d 307, 307 (Fla. 3d DCA 1976)); *see also Arabian Am. Oil Co. v. Scarfone*, 685 F. Supp. 1220, 1221 (M.D. Fla.

1988) (denying a motion to withdraw because "[t]he Court found no legitimate basis for withdrawal").

Although Plaintiffs' counsel are deafeningly silent on their motives for moving to withdraw, it seems clear why Plaintiffs' counsel no longer wishes to represent Mr. Buechler. All available evidence suggests that Mr. Buechler doctored evidence and committed perjury in this case. *See* Dkt. 85 (Rumble's motion for sanctions); Dkt. 88 (Rumble's response to Mr. Buechler's motion to dismiss). It is no coincidence that both Mr. Buechler's withdrawal motion and Plaintiffs' counsel's motion to withdraw follow quickly on the heels of Plaintiffs' counsel's belated "investigat[ion]" of Mr. Buechler's misconduct. Dubinsky Ex. 5 (letter from Plaintiffs' counsel).[1] To wit, as detailed in Rumble's other papers, *see* Dkt. 85, Dkt. 88, in discovery Plaintiffs' counsel produced an email from Mr. Buechler's files dated January 21, 2022 that contained a link to activate Mr. Buechler's rumble.com account (the "Altered Email"). Dubinsky Ex. 1. Mr. Buechler testified under oath that he created his rumble.com account in January of 2022 after receiving the Altered Email on January 21, 2022. Dubinsky Ex. 3 (Buechler Trans.) at 21:4–9; 38:19–22, 146:25–147:2. However, the evidence overwhelmingly shows that Mr. Buechler in fact created his rumble.com account on September 23, 2022 and that the Altered Email was not received on the date it bears:

---

[1] "Dubinsky Ex. ___" refers to exhibits to the Declaration of Gregory Dubinsky filed concurrently with Defendant's Motion for Sanctions, Dkt. 86.

- Rumble.com's internal files—produced to Plaintiffs prior to Mr. Buechler's deposition—show that Mr. Buechler's account was created on September 23, 2022. Dubinsky Ex. 2.
- The Altered Email could not have been sent when it is dated. As explained by Declaration of Rumble Chief Technology Officer Wojciech Hlibowicki ("Hlibowicki Decl."), the Altered Email contains an account activation link in a format that was not implemented by rumble.com until April 5, 2022, which means that "the email was sent, if it was sent, after April 5, 2022." *See* Dkt. 87, Hlibowicki Decl. ¶ 5.
- Mr. Buechler could not explain the discrepancy between internal company records and the Altered Email. Nor could he explain why the Altered Email, purportedly received in January 2022, bears a format not implemented by rumble.com until April 2022. Dubinsky Ex. 3 at 147:3-9.

This evidence—and the complete absence of so much as an attempt by Plaintiffs or their counsel to explain the discrepancy—compels the conclusion that someone backdated the Altered Email before Plaintiffs' counsel produced it in discovery.

If there had been some innocent explanation, Mr. Buechler could have produced the native version of the Altered Email—as he said he would do during his deposition. His counsel stated that they "endeavored . . . to collect the native

version of that email to produce to Rumble" but that "[d]espite those efforts, Mr. Buechler has not provided the native version of the email, so [they] are unable to provide it to Rumble." Dubinsky Ex. 5.

Remarkably, during a recent meet-and-confer—well after these issues had surfaced, counsel for both parties exchanged correspondence, and Plaintiffs' counsel said they had "investigat[ed]"—Plaintiffs' counsel informed counsel for Rumble that they have "no position" on whether Mr. Buechler doctored the email. Plaintiffs' counsel's response to this alarming sequence of events raises more questions than it answers, and their motion to drop Mr. Buechler as a client is thus premature.

By letter dated July 25, 2023, counsel for Rumble raised with Plaintiffs' counsel a number of questions concerning Plaintiffs' counsel's pre-suit and post-suit investigation and efforts (as well as the sufficiency of Plaintiffs' privilege log in light of Mr. Buechler's testimony). Thus far, Plaintiffs' counsel has refused to indicate what steps, if any, they took to obtain the native version of the Altered Email—an email that Mr. Buechler swore under oath still exists on his phone. Dubinsky Ex. 3 at 157:8–14, 44:17–24, 157:15–18. (Buechler testified that he "did not delete anything" in terms of email, *id.* at 60:6–10).

If Plaintiffs' counsel had ever imaged Mr. Buechler's phone, then they may well have been in a position to produce the native version of the Altered Email. But they failed to do so at any point in this litigation *even though* the very predicate of their Complaint is that Mr. Buechler "used a . . . smart phone to

4

access streaming video content" on rumble.com. Compl. ¶ 12. *See* Dubinsky Ex. 3 at 54:2–7 (Buechler conceded that his lawyers have not produced records from his phone "because I haven't downloaded my phone to them").

Plaintiffs' counsel's failure to preserve data on Mr. Buechler's phone is a breach of the parties' Stipulation Regarding the Production of Electronically Stored Information and Hard Copy Documents (the "ESI Stipulation"), Dkt. 53. *See* Dubinsky Ex. 10. In the ESI Stipulation, Plaintiffs' counsel *agreed* that "any device that Plaintiffs used to access Rumble or Facebook will be preserved." *Id.* ¶ 5(f). Yet notwithstanding this agreement, counsel apparently did *nothing* to preserve Mr. Buechler's smartphone *or* to ensure that Mr. Buechler would do so. Indeed, at his deposition, Mr. Buechler testified that although he had used the Rumble application to access his rumble.com account, that application (and presumably its data) no longer exists on the phone he had installed it on. Dubinsky Ex. 3 at 55:3–6, 55:13–22 ("It is not on my phone.").

Mr. Buechler's explanation for why he deleted the Rumble application is troubling in the extreme—apparently Plaintiffs' counsel never properly instructed him to preserve electronic data:

> When they told me to preserve documents, I assumed that would be e-mails, correspondence. If that app was on there, I would have probably – if it was – *if I wanted to get rid of it,* **I would have deleted it** because I don't think that would be a document or anything like that, so – but I don't remember.

Dubinsky Ex. 3 at 59:19–25 (emphasis added).

Equally troubling is Plaintiffs' counsel's seemingly deficient investigation as to the facts of this case. Indeed, in March 2023, Rumble Inc. informed Plaintiffs that "Plaintiff James Buechler has had an account on rumble.com since September 23, 2022," Answer, Dkt. 56, ¶ 84. So for some four months—from the service of Rumble Inc.'s answer up until Mr. Buechler's deposition—it appears as if Plaintiffs' counsel did nothing to investigate why the Altered Email (the sole rumble.com account activation email produced by Mr. Buechler through his counsel) bears a date of January 21, 2022.

Given that Mr. Buechler has previously been accused of altering evidence in another case, prudent counsel would have done more than simply rely on Mr. Buechler's say-so and a single PDF of an email when choosing to file the Complaint. *Buechler v. Best Gaming, Inc.*, 2013 WL 1830079, at *1 (D. Md. Apr. 30, 2013) (reciting that Buechler was "accused of fraudulent conduct"— including "'photo-shopp[ing]'" "pictures" he submitted in support of his claim).

These are just a few of the questions raised by the events of the past several weeks that have yet to be answered. As noted, on July 25, 2023, we invited Plaintiffs' counsel to provide answers to these questions. Dubinsky Ex. 7. In response to our letter, Plaintiffs' counsel provided zero substantive answers, instead claiming they were "under no obligation to respond." Dubinsky Ex. 8. And in an email on the same day, Plaintiffs' counsel stated that they were "not in a position" to say whether Mr. Buechler has *any* documents responsive to Rumble's requests beyond those produced. Dubinsky Ex. 9. According to

Plaintiffs' counsel, because Mr. Buechler has asked the Court to let him drop his case, it is not "appropriate" for Rumble's counsel to so much as ask whether Mr. Buechler has complied with his discovery obligations. *Id.*

In this regard, the Court's decision in *Healthplan Services v. Dixit* is highly instructive. 2020 WL 12048853 (M.D. Fla. Jan. 28, 2020) (Sansone, M.J.). In *Healthplan*, Magistrate Judge Sansone denied three motions to withdraw as counsel without prejudice given ongoing efforts by the Court to address discovery misconduct:

> Not one of the three pending withdraw motions give any specific cause—much less good cause—for permitting defense counsel to withdraw at this time. On the contrary, *the court is in the middle of addressing alleged discovery misconduct, including sanctionable conduct (and possibly even spoliation of evidence)*, in the face of looming case deadlines.

*Id.* at 2 (emphasis added).

Rumble Inc. respectfully submits that the Court should deny Plaintiffs' counsel's motion to withdraw until the Court has had sufficient time to review and address the discovery misconduct in this case—including spoliation and the apparent doctoring of evidence and perjury.

7

Dated: August 7, 2023
New York, New York

Respectfully submitted,

| | |
|---|---|
| SHUMAKER, LOOP & KENDRICK, LLP<br>Jennifer B. Compton<br>240 S. Pineapple Avenue<br>P.O. Box 49948<br>Sarasota, Florida 34230-6948<br>(941) 366-6660<br>jcompton@shumaker.com | */s/ Gregory Dubinsky*<br>Gregory Dubinsky (*pro hac vice*)<br>Jayme Jonat (*pro hac vice*)<br>HOLWELL SHUSTER & GOLDBERG LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(646) 837-5151<br>gdubinsky@hsgllp.com<br><br>*Attorneys for Defendant Rumble Inc.* |