# EXHIBIT 9



**SHAWN M. KENNEDY**
Partner
(949) 936-0903
skennedy@herrerakennedy.com

July 5, 2023

<u>VIA EMAIL</u>

Jayme Jonat, Esq.
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
jjonat@hsgllp.com

Re:   June 27, 2023 Letter re Plaintiffs' Responses to Rumble's Forum-Related Discovery Requests (*Buechler et al v. Rumble, Inc.*)

Dear Jayme:

I write in response to your June 27, 2023 letter regarding Plaintiffs' responses to Rumble's forum-related discovery requests, both to correct misstatements in your letter and to clarify Plaintiffs' positions.

### A.     Requests for Admission and Requests for Production

As explained in more detail in my June 2 letter, Plaintiffs properly responded to certain of Rumble's requests for admission by stating that they lacked sufficient information to admit or deny because the requested information is exclusively in Rumble's control. On our June 21 call, I asked for the basis of your suggestion that these responses indicated something deficient about Plaintiffs' document production. In response, Mr. La Chapelle explained his belief that Plaintiffs' devices should have some electronic record of their having visited Rumble's website (*e.g.,* in the form of Chrome web cache files), and that such records could show when Plaintiffs accessed Rumble's website and what they viewed. I then responded that Plaintiffs do not take the position that such records – if they exist – would be irrelevant.

Rather, if we are able to locate responsive data of that kind during our ongoing discovery efforts, we will produce it. To be clear, we did not agree on the June 21 call – and do not suggest now – that any cache data or similar records actually can or will reveal information posited by Mr. La Chapelle or, indeed, any salient information for the forum issues at hand. I also note that this

kind of data first was requested in Rumble's Second Set of Forum-Related Requests for Production, to which Plaintiffs just responded on June 30 (specifically, Requests 5 and 6). We are still in the process of analyzing whether any further responsive records exist.

As your letter points out, you also asked questions on the June 21 call relating to what devices Plaintiffs used to access Rumble's website. But regardless of your intentions, that was not the subject of our meet and confer, which should be obvious given that the time had not even come for Plaintiffs to respond to Rumble's discovery requests seeking this information (*i.e.*, Interrogatories 9 and 10 of Rumble's Second Set of Forum-Related Interrogatories, which asked about the devices Plaintiffs used to sign up for rumble.com).

### B. <u>Interrogatories</u>

Your letter misstates the nature of our June 21 conversation about Interrogatories No. 1 and 2. While those interrogatories indeed were vague and ambiguous (for the reasons described in my June 2 letter), by the time of our conversation, Rumble had clarified that it only sought information about statements in Plaintiffs' opposition to Rumble's motion to dismiss. Specifically, Rumble sought Plaintiffs' counsel's understanding of the disputed issues existing at the time of the parties' motion to dismiss briefing some six months ago, and *did not* seek information about Plaintiffs' current contentions (which we agree would be highly relevant). Our discussion therefore focused on relevance issues.

On the call, I asked for Rumble's position regarding why Plaintiffs' counsel's understanding of disputed issues from many months ago could be relevant in any way to Rumble's contemplated summary judgment motion. Your only response was to say that Rumble was entitled to seek discovery about Plaintiffs' historic positions because the court based its denial of Rumble's motion to dismiss on the existence of disputed issues, suggesting that Plaintiffs' previous position was baseless. In other words, Rumble had no explanation about why the information it sought was relevant to the parties' present dispute, but instead wanted to challenge the veracity of positions taken by Plaintiffs' counsel in opposing Rumble's motion to dismiss.

Addressing the latter point, I asked whether Rumble agreed with each and every position Plaintiffs took when opposing Rumble's forum arguments, suggesting that if the answer was no, then it was obvious that disputed issues existed. Your answer indeed was no, which comes as no surprise because, among other things, the parties obviously contested (1) whether Rumble had sufficient proof of Plaintiffs' agreement to be bound by any version of Rumble's Terms and Conditions; and (2) whether Plaintiffs had any remedy in Canada, much less a sufficient remedy for purposes of Rumble's forum arguments. But instead of conceding the obvious existence of disputed issues, you chose to end the conversation by saying that we weren't getting anywhere in our discussion.

2

Your letter amounts to a further attempt to play a game of "gotcha," but we see no reason to indulge this any further. Plaintiffs' understanding six months ago about the disputed issues has no conceivable bearing upon Rumble's contemplated summary judgment motion. Rumble may want to go back and re-litigate its failed motion to dismiss, but the court specifically denied that request. The parties should focus on what will be relevant in contesting Rumble's forthcoming motion: their respective positions regarding disputed issues of material fact with the benefit of the forum-related discovery requested by Rumble and ordered by the court.

Best regards,

Shawn M. Kennedy