UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE MARTINEZ,

    Plaintiff,

v.                                                            CASE NO. 8:22-cv-2237-SDM-AAS

RUMBLE, INC.,

    Defendant.
_____/

## ORDER

On behalf of a putative class, Jesse Martinez sues (Doc. 1) Rumble, Inc., and alleges that Rumble violated the Video Privacy Protection Act (VPPA) by disclosing to Facebook, Inc., the personal information of Martinez and other subscribers. Both Martinez and Rumble move (Docs. 110 and 114) for summary judgment on venue, respond (Docs. 119 and 120) to the opposing party's motion, and reply (Docs. 134 and 131) to each response.

## BACKGROUND[1]

Rumble is a Canadian corporation[2] that operates rumble.com, an online, video-sharing platform. (Doc. 56 at 1) When he registered for a rumble.com

---

[1] Martinez and Rumble both move for summary judgment based on the following facts.

[2] Rumble is owned by a U.S. holding company with the same name. For the purposes of this order, "Rumble" refers to "Rumble Canada, Inc.," the corporation that operates rumble.com.

account, Martinez agreed to Rumble's "Terms and Conditions." (Doc. 115-4 at 92) The "Terms and Conditions" (Doc. 30-5 at 21) contained a "Choice of Law and Forum" clause which states:

> These Terms of Use and the Agency Agreement, shall be governed by and construed in accordance with the laws of the Province of Ontario or, at Rumble's discretion, the federal laws of the United States, excluding its conflicts of law rules. You expressly agree that the exclusive jurisdiction for any claim or action arising out of or relating to these Terms of Use, the Agency Agreement, or your use of the Rumble Services, shall lie only in the Ontario Superior Court of Justice at Toronto, or at Rumble's discretion, in the United States Federal District Court for the judicial district in which your address is located, or if your address is outside of the United States, for any judicial district in the United States, and you further agree to and submit to the exercise of personal jurisdiction of such courts for the purpose of litigating any such claim or action.

Martinez sues (Doc. 1) Rumble. An earlier order (Doc. 54) denies Rumble's motion to dismiss the complaint for improper venue and limits discovery to the issue of venue. After discovery, Rumble moves (Docs. 111 and 114) for summary judgment and argues that the forum-selection clause mandates that the Ontario Superior Court (OSC) and Ontario law resolve this action and that even if the forum-selection clause is unenforceable "the *forum non conveniens* factors favor dismissal for the courts of Ontario." Martinez moves (Doc. 110) for summary judgment and argues that dismissing this action in favor of OSC would deprive Martinez of a remedy. Each party provides testimony from an "expert in Canadian privacy law" who disagrees with the other party's expert about the applicability of Ontario law to this action.

**DISCUSSION**

**I. Valid and Enforceable Forum-Selection Clause**

The forum-selection clause requires Martinez to submit to jurisdiction in OSC or at Rumble's discretion in the "federal" district court where Martinez resides. The Middle District of Florida satisfies neither requirement. Rumble declines to submit voluntarily to a "federal" district court. But even if Rumble agreed to submit this action to a "federal" district court, Martinez resides in New Mexico. (Doc. 1 ¶ 13)

A forum-selection clause is presumptively valid and enforceable unless the plaintiff proffers a "strong showing" that enforcement of the clause "would be unfair or unreasonable." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 15, 18 (1972), and imposing a heavy burden on the party resisting enforcement of a forum-selection clause). To invalidate the forum-selection clause, Martinez must show (1) that the clause's formation was induced by fraud or overreaching; (2) that, because of inconvenience or unfairness, OSC would deprive Martinez of his day in court; (3) that Ontario law would deprive Martinez of a remedy; or (4) that the enforcement of the clause would contravene public policy. *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (quoting *Krenkel*, 579 F. 3d at 1281). Martinez advances

no claim that enforcing the forum-selection clause is unfair, inconvenient, or contrary to public policy.[3]

A forum is adequate "if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009); *see also Piper Aircraft Co. v Reyno,* 454 U.S. 235 at 254 & n.22 (finding dismissal inappropriate when "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all"). Martinez argues that Ontario law and OSC fail to provide an adequate remedy. The parties agree that Canada's Personal Information Protection and Electronics Document Act (PIPEDA) applies to the same subject matter as VPPA, but the parties disagree about whether PIPEDA provides Martinez a remedy.[4] Martinez contends that because he is a U.S. citizen a Canadian court will decline jurisdiction and that PIPEDA offers Martinez no private right of action.

The Canadian Supreme Court in *Society of Composers, Authors and Music Publishers of Canada v. Canadian Assn. of Internet Providers*, 2004 SCC 45, explains that the Canadian Parliament does "not intend its legislation to receive extraterritorial

---

[3] To the extent that Martinez argues that Rumble induced Martinez's agreement to the forum-selection clause through fraud or overreaching by describing Rumble's "Terms and Conditions" as a "non-negotiable contract of adhesion," Rumble employed neither fraud nor overreaching in securing Martinez's agreement to the forum-selection clause. Rumble "reasonably communicated" the forum-selection clause, which was neither hidden nor ambiguous in the "Terms and Conditions." *Krenkel*, 579 F.3d at 1281-82 (finding that a hotel reasonably communicated a forum-selection clause to the Krenkels when the Krenkels signed a one-page form entitled "Acknowledgment, Agreement and Release" which included a forum-selection clause).

[4] PIPEDA's purpose is "to support and promote electronic commerce by protecting personal information that is collected, used or disclosed in certain circumstances, . . ." VPPA permits a cause of action for any person whose personally identifiable information has been disclosed to another person by a video tape service provider. 18 U.S.C.A § 2710.

application" and that finding a controversy with "real and substantial connection" to Canada is sufficient for jurisdiction.[5] Ignacio Cofone, Martinez's expert in Canadian privacy law,[6] contends that Rumble's connections to the United States (Doc. 115-20 ¶ 18), allegedly supported by the majority of Rumble's "monthly active users" living in the United States, prevent jurisdiction in Canada. Martinez argues that Rumble's databases are "stored on servers only in the United States." Rumble contends that Rumble stored Martinez's data on servers located in both Canada and the United States. (Doc. 110-9 at 7) Also, Rumble is a Canadian corporation that operates rumble.com, the website central to this action, and most of Rumble's senior executives work in Toronto. (Doc. 114 at 22) The undisputed facts and Canadian caselaw presented fail to preclude the availability of Canada as a forum for Martinez, and no language in PIPEDA suggests that only Canadian citizens may file a complaint.[7]

---

[5] The factors informing jurisdiction under PIPEDA include (1) the location of the target audience of the website, (2) the source of the content on the website, (3) the location of the website operator, and (4) the location of the host server. *SOCAN*, 2004 SCC 45, 59-61.

[6] As noted by *Ford v. Brown*, 319 F.3d 1302, 1311 (11th Cir. 2003), "affidavits attempting to predict what a foreign jurisdiction will do have little value"; *see also Lisa, S.A. v. Gutierrez Mayorga*, 240 Fed. Appx. 822, 824 (11th Cir. 2007) (affirming a district court's finding that "the defendants' consent to Guatemalan jurisdiction made them amenable to process there, which was a finding it was free to make from the conflicting expert affidavits that were filed on the subject").

[7] Martinez cites Canadian caselaw to argue that PIPEDA provides a remedy for Canadian residents only and not Martinez, a U.S. resident. (Doc. 119 at 12) *Lawson v. Accusearch Inc.,* 2007 FC 125, holds that PIPEDA does not bar a Canadian investigation into a data privacy claim against a U.S.-corporation operating a Canadian website. (Doc. 110-32) *Lawson* discusses how PIPEDA would not apply if the plaintiff "were an American working in the United States." But in contrast to *Lawson*, in which the defendant was a U.S. corporation, Rumble is a Canadian organization. Similarly, in *A.T. v. Globe24h.com*, 2017 FC 114, another case cited by Martinez, a Canadian court explains that PIPEDA "was intended to offer [data privacy] protection in Canada [to] avoid [ ] the extraterritorial effect" of enforcing another country's privacy directive. (Doc. 110-31) The Canadian court exercised jurisdiction even though a party was a foreign website operator with servers located outside of Canada. Similarly, *Douez v. Facebook*, 2017 SCC 33, finds jurisdiction over a dispute involving a U.S. company and Canadians. (Doc. 110-33) No case states that the plaintiff must have

(continued…)

Martinez argues that because PIPEDA requires a complainant to file a complaint with an administrative arm of Canada's Parliament, the Office of Privacy Commissioner of Canada (OPC), OSC provides no guarantee of relief. But the parties agree that OPC will consider Martinez's complaint. If OPC declines to investigate a PIPEDA complaint or discontinues a PIPEDA investigation, OPC permits the complainant to apply for a "legal proceeding commenced by a complainant in the Federal Court of Canada." Although Martinez's claim under PIPEDA receives administrative review,[8] the presence of an administrative step fails to show that OSC will provide Martinez "no remedy at all." *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1283 (11th Cir. 2001); *Lisa, S.A. v. Gutierrez Mayorga*, 441 F. Supp. 2d 1233, 1238 (S.D. Fla. 2006) (Moore, J.), *aff'd,* 240 Fed. Appx. 822 (11th Cir. 2007). Martinez fails to show that OSC or the Federal Court of Canada would decline jurisdiction.[9]

Also, Rumble argues that Martinez could assert, in lieu of a PIPEDA claim and in OSC, common law claims such as intrusion upon seclusion, public disclosure of private facts, breach of confidence, unjust enrichment, and breach of contract.

---

Canadian residency. The cases cited by Martinez suggest only that Canadian courts favor jurisdiction when a Canadian plaintiff sues a foreign defendant. Also, OSC has certified class actions under PIPEDA. (Doc. 110-28; Doc. 110-29).

[8] PIPEDA permits OPC a year to issue a report on an investigation's findings. Rumble "submits that it is willing to toll its statute of limitations defenses for 15 months . . . and not to contest a real and substantial connection to any proceedings before the OPC or the OSC." (Doc. 131 at 5; Doc. 133)

[9] Rumble agrees (Doc. 112) to jurisdiction of the courts in Ontario, Canada, including OSC and the Federal Court of Canada. The defendant's willingness to litigate in an alternative forum is acceptable. *See Lisa, S.A.*, 441 F. Supp. 2d at 1237, *aff'd,* 240 Fed. Appx. 822 (11th Cir. 2007) (finding "that Guatemala is an 'available' forum, as Defendants have consented to jurisdiction there").

Martinez contends that because he does not plead these torts in this action, he cannot do so in OSC. But Martinez cannot "plead around" the forum-selection clause. *De-Roy v. Carnival Corp.*, 963 F.3d 1302, 1307 (11th Cir. 2020). Also, Martinez argues that he sustained no injury sufficient to satisfy the prerequisites of a claim for pleading "intrusion upon seclusion." But an available forum need only "[be] willing to submit to jurisdiction" and apply law providing "comparable remedies." *Cessna Aircraft Co.*, 562 F.3d at 1382; *see also In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1333 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 Fed. Appx. 840 (11th Cir. 2011) ("although the parties disagree on how well [Irish law] mechanisms are suited for this particular case, it is clear that, under applicable case law, they constitute an adequate substitute"). Nothing suggests that Canadian common law claims would fail to offer a remedy reasonably equivalent to the remedy available in this action.

Martinez argues no "exceptional circumstances predicated on public interest considerations" that justify not enforcing the forum-selection clause. *McArthur v. Kerzner Int'l Bahamas Ltd.*, 607 Fed. Appx. 845, 847 (11th Cir. 2015) (quoting *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). Public interest factors include "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Aviation One of Florida, Inc. v. Airborne Insurance Consultants (PTY), Ltd.*, 722 Fed. Appx. 870, 885 (11th Cir. 2018). A "relevant public interest factor[ ] include[s]

the sovereigns' interests in deciding the dispute." *Republic of Panama, v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 953 (11th Cir. 1997).

The United States has an interest in providing a forum for a U.S. citizen, but this factor alone cannot establish that the Middle District of Florida is the proper forum. *Aviation One*, 722 Fed. Appx. at 870. Canada presumably "has an interest in how Canadian contracts and Canadian laws are interpreted." *CAE USA, Inc. v. XL Ins. Co.*, 2011 WL 1878160, at *8 (M.D. Fla. 2011) (Bucklew, J.). The forum-selection clause's choice of law is Ontario law, with which OSC "would obviously be more familiar." *Aviation One*, 722 Fed. Appx. at 885. Although congestion of OSC or OPC is unknown, "the Middle District of Florida [is] one of the busiest districts in the United States." *Aviation One*, 722 Fed. Appx. at 885. Martinez emphasizes that Rumble's U.S. holding company established headquarters in Longboat Key, Florida (Doc. 110-11 at 19), but Martinez signed the contract with rumble.com, which is operated by a Canadian company and managed by senior executives working in Toronto. (Doc. 120 at 19; Doc. 121-1) This action is a "business transaction with minimal ties to Florida," not "a localized controversy." *Aviation One*, 722 Fed. Appx. at 885. Martinez shows no connection between the holding company's Florida headquarters and this action.

Martinez "has presented no evidence that [his] remedy would be 'altogether lost' in the instant action," and the possibility of Martinez "being deprived of some relief is not sufficient to find" that the Canadian forum is inadequate. *Gutierrez Mayorga,* 441 F. Supp. 2d at 1237–38, *aff'd*, 240 Fed. Appx. 822*, BCCI Holdings S.A.*,

- 8 -

119 F.3d 935, 952 (11th Cir.1997) ("[a]ccordingly, the three circuits that have considered this issue have concluded that a plaintiff's inability to assert a RICO claim . . . in the foreign forum does not preclude *forum non conveniens* dismissal"). Martinez fails to establish that the forum-selection clause is invalid.

## II. Mandatory Character and Applicability of the Forum-Selection Clause

Even if valid, a forum-selection clause that is permissive is unenforceable. 14D Charles Alan Wright, et al., Federal Practice and Procedure § 3801-3840 (4th ed. 2023). Martinez argues that the forum-selection clause is permissive — and unenforceable — because the forum-selection clause uses "ambiguous language" and fails to limit the parties to an "exclusive forum." But the words "only," "shall be," "exclusive jurisdiction," and "or" in the forum-selection clause specify that no permissible forum exists beyond OSC or, at the defendant's discretion, a "federal" district court in the jurisdiction where the plaintiff resides. *Don't Look Media LLC v. Fly Victor Ltd.,* 999 F.3d 1284, 1297 (11th Cir. 2021) (holding a forum-selection clause mandatory from the "repeated use of the modifier 'exclusive' and from the use of the verb 'shall'"). The fact that "a bargained-for provision may be more favorable to one party than another as to the choice of forum does not make the contract ambiguous or suggest fraud." *Don't Look*, 999 F.3d at 1297–98 (rejecting a party's argument that a mandatory, enforceable forum-selection clause must provide reciprocal and equal benefits to contracting parties). Because the forum-selection clause unambiguously designates an exclusive forum, the forum-selection clause is mandatory and applicable.

- 9 -

## CONCLUSION

Rumble's motion (Docs. 111 and 114) for summary judgment is **GRANTED**, and Martinez's motion (Doc. 110) for summary judgment is **DENIED**. In accord with the forum-selection clause, the Middle District of Florida is an improper forum. Martinez must submit his dispute, if at all, under Ontario law to OSC or in accord with Rumble's statement (Doc. 112) to the courts in Ontario, Canada. The clerk must enter judgment for the defendant and against the plaintiff dismissing this action without prejudice for improper venue. The clerk must close the case. Jurisdiction is **RETAINED** to resolve Rumble's pending motion for sanctions against the former plaintiff, James Buechler.

ORDERED in Tampa, Florida, on December 22, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE