# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                                                           Kristin Esposito
Clerk of Court                                                                          Tampa Division Manager

**DATE:** January 30, 2024

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

JESSE MARTINEZ,

      Plaintiff,

v.                                                                    Case No: 8:22-cv-2237-SDM-AAS

RUMBLE, INC.,

      Defendant.

**U.S.C.A. Case No.:**          **UNKNOWN**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Steven D. Merryday, Chief United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

                            ELIZABETH M. WARREN, CLERK

                            By:      s/MB, Deputy Clerk

APPEAL, CLOSED, SL DOC

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: <u>8:22–cv–02237–SDM–AAS</u>

| | |
|---|---|
| Buechler et al v. Rumble, Inc. | Date Filed: 09/29/2022 |
| Assigned to: Judge Steven D. Merryday | Date Terminated: 12/27/2023 |
| Referred to: Magistrate Judge Amanda Arnold Sansone | Jury Demand: Plaintiff |
| Cause: 28:1331 Fed. Question | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **James Buechler** | represented by | **James Buechler** |
| *on behalf of themselves and all others* | | 4538 Greencove Circle |
| *similarly situated* | | Baltimore, MD 21219 |
| *TERMINATED: 08/31/2023* | | 443–857–8037 |
| | | PRO SE |
| | | |
| | | **Christopher J. Cormier** |
| | | Burns Charest LLP |
| | | 4725 Wisconsin Ave, NW |
| | | Suite 200 |
| | | Washington, DC 20016 |
| | | 202–577–3977 |
| | | Fax: 469–444–5002 |
| | | Email: ccormier@burnscharest.com |
| | | *TERMINATED: 10/11/2023* |
| | | *LEAD ATTORNEY* |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Dale R. Sisco** |
| | | Sisco–Law |
| | | 777 S Harbour Island Blvd. |
| | | Suite 320 |
| | | 33602 |
| | | Tampa, FL 33602 |
| | | 813–224–0555 |
| | | Fax: 813–221–9736 |
| | | Email: dsisco@sisco–law.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Hannah Marie Crowe** |
| | | Burns Charest LLP |
| | | 900 Jackson Street |
| | | Suite 500 |
| | | Dallas, TX 75202 |
| | | 214–934–6153 |

1

Email: hcrowe@burnscharest.com
*TERMINATED: 10/11/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Cross**
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469–914–7466
Email: lcross@burnscharest.com
*TERMINATED: 01/30/2023*
*ATTORNEY TO BE NOTICED*

**Michael K. Sheen**
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111–3339
415–956–1000
Fax: 415–956–1008
Email: msheen@lchb.com
*TERMINATED: 10/11/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Geman**
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson St., 8th fl.
New York, NY 10013
212–355–9500
Email: rgeman@lchb.com
*TERMINATED: 10/11/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shawn Kennedy**
Herrera Kennedy LLP
4590 MacArthur Blvd.
Suite 500
Newport Beach, CA 92660
949–936–0903
Email: skennedy@herrerakennedy.com
*TERMINATED: 10/11/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicomedes Sy Herrera**
Herrera Kennedy LLP
Herrera Kennedy LLP
5072 Annunciation Circle
Suite 207

Ave Maria, FL 34142
510–422–4700
Fax: 855–969–2050
Email: nherrera@herrerakennedy.com
*TERMINATED: 10/11/2023*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Jesse Martinez** <br> *on behalf of themselves and all others* <br> *similarly situated* | represented by | **Christopher J. Cormier** <br> (See above for address) <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |

**Bret D. Hembd**
Herrera Kennedy LLP
3500 W Olive Avenue
Suite 300
Burbank, CA 91505
213–394–3100
Email: bhembd@herrerakennedy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel H. Charest**
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469–904–4550
Fax: 469–444–5002
Email: dcharest@burnscharest.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hannah Marie Crowe**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Cross**
(See above for address)
*TERMINATED: 01/30/2023*
*ATTORNEY TO BE NOTICED*

**Michael K. Sheen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Geman**
(See above for address)

3

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shawn Kennedy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicomedes Sy Herrera**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rumble, Inc.**                    represented by  **Gregory Dubinsky**
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
646–837–8554
Email: gdubinsky@hsgllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jayme Alyse Jonat**
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
39th Floor
New York, NY 10017
646–837–8455
Fax: 646–837–5150
Email: jjonat@hsgllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer B. Compton**
Shumaker, Loop & Kendrick, LLP –
Sarasota
240 S Pineapple Ave – 10th Flr
PO Box 49948
Sarasota, FL 34230–6948
941/364–2754
Fax: 941/366–3999
Email: jcompton@shumaker.com
*ATTORNEY TO BE NOTICED*

**Jonathan R. La Chapelle**
Holwell Shuster & Goldberg LLP
425 Lexington Avenue 14th Floor
New York, NY 10017

4

773–368–7734
Email: jlachapelle@hsgllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan M. Guerin**
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
P.O. Box 49948
Sarasota, FL 34236
941–366–3999
Email: rguerin@shumaker.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2022 | 1 | COMPLAINT against All Defendants with Jury Demand (Filing fee $402 receipt number AFLMDC–20043615) filed by All Plaintiffs. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Herrera, Nicomedes) (Entered: 09/29/2022) |
| 09/30/2022 | 2 | NEW CASE ASSIGNED to Judge Steven D. Merryday and Magistrate Judge Amanda Arnold Sansone. New case number: 8:22–cv–2237–SDM–AAS. (NAS) (Entered: 09/30/2022) |
| 10/03/2022 | 3 | NOTICE of Local Rule 1.07(c) and Local Rule 3.02(a)(2) <br><br> **–Local Rule 1.07(c)** requires lead counsel to *promptly* file a **Notice of a Related Action** that identifies and describes any related action pending in the Middle District or elsewhere. <br><br> **–Local Rule 3.02(a)(2)** requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. <br><br> **(Signed by Deputy Clerk). (DAY) (Entered: 10/03/2022)** |
| 10/03/2022 | 4 | SUMMONS issued as to Rumble, Inc. (CTR) (Entered: 10/03/2022) |
| 10/03/2022 | 5 | NOTICE to counsel Nicomedes Sy Herrera of Local Rule 2.02(a), which requires designation of one lead counsel who – unless the party changes the designation – remains lead counsel throughout the action. File a **Notice of Lead Counsel Designation** to identify lead counsel. (Signed by Deputy Clerk). (CTR) (Entered: 10/03/2022) |
| 10/03/2022 | 6 | NOTICE to counsel Christopher J. Cormier, Hannah Crowe, Lauren Cross, & Shawn Kennedy of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except for the limited |

| | | |
|---|---|---|
| | | exceptions identified in the Rule. To apply for membership in the Middle District, visit www.flmd.uscourts.gov/for–lawyers. (Signed by Deputy Clerk). (CTR) (Entered: 10/03/2022) |
| 10/03/2022 | 7 | NOTICE of a related action per Local Rule 1.07(c) by James Buechler, Jesse Martinez. Related case(s): No (Herrera, Nicomedes) (Entered: 10/03/2022) |
| 10/05/2022 | 8 | RETURN of service executed on 10/03/2022 by James Buechler, Jesse Martinez as to Rumble, Inc. (Herrera, Nicomedes) Modified on 10/6/2022 (CTR). (Entered: 10/05/2022) |
| 10/13/2022 | 9 | MOTION for Christopher J. Cormier to appear pro hac vice by All Plaintiffs. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/13/2022) |
| 10/13/2022 | 10 | MOTION for Lauren Michelle Cross to appear pro hac vice by All Plaintiffs. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 10/13/2022) |
| 10/13/2022 | | FEE PAID. Fee for pro hac vice appearance, Receipt No. AFLMDC–20083749 for $150 paid. Special Admission for Non–Resident Attorney Christopher J. Cormier. (Herrera, Nicomedes) (Entered: 10/13/2022) |
| 10/13/2022 | | FEE PAID. Fee for pro hac vice appearance, Receipt No. AFLMDC–20083750 for $150 paid. Special Admission for Non–Resident Attorney Lauren Michelle Cross. (Herrera, Nicomedes) (Entered: 10/13/2022) |
| 10/13/2022 | 11 | **ENDORSED ORDER granting 9 Motion to Appear Pro Hac Vice; granting 10 Motion to Appear Pro Hac Vice. Attorneys Christopher J. Cormier and Lauren Michelle Cross may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E–File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 10/13/2022. (BEE)** (Entered: 10/13/2022) |
| 10/14/2022 | 12 | NOTICE of Lead Counsel Designation by Nicomedes Sy Herrera on behalf of James Buechler, Jesse Martinez. Lead Counsel: Christopher J. Cormier. (Herrera, Nicomedes) (Entered: 10/14/2022) |
| 10/20/2022 | 13 | Unopposed MOTION for Extension of Time to File Responsive Pleading and Briefing Schedule by Rumble, Inc. (Attachments: # 1 Exhibit Proposed Order)(Compton, Jennifer) Modified on 10/20/2022 (CTR). (Entered: 10/20/2022) |
| 10/20/2022 | 14 | MOTION for Jayme Jonat to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–20112772 for $150 by Rumble, Inc. (Compton, Jennifer) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 10/20/2022 (CTR). (Entered: 10/20/2022) |
| 10/20/2022 | 15 | MOTION for Gregory J. Dubinsky to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–20112825 for $150 by Rumble, Inc. (Compton, Jennifer) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 10/20/2022 (CTR). (Entered: 10/20/2022) |
| 10/20/2022 | 16 | **ENDORSED ORDER granting 14 Motion to Appear Pro Hac Vice; granting 15 Motion to Appear Pro Hac Vice. Attorneys Jayme Jonat and Gregory J. Dubinsky may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E–File Registration within seven days of this order.** |

| | | |
|---|---|---|
| | | **Signed by Magistrate Judge Amanda Arnold Sansone on 10/20/2022. (BEE)** (Entered: 10/20/2022) |
| 10/21/2022 | 17 | **ORDER: WARNING to counsel. Signed by Judge Steven D. Merryday on 10/21/2022. (WBW)** (Entered: 10/21/2022) |
| 10/21/2022 | 18 | **ORDER granting in part 13––motion for extension of time; directing Rumble, Inc., to respond to the complaint not later than 11/23/2022; rejecting without prejudice the parties' proposed briefing schedule. Signed by Judge Steven D. Merryday on 10/21/2022. (WBW)** (Entered: 10/21/2022) |
| 10/24/2022 | 19 | NOTICE of Lead Counsel Designation by Jennifer B. Compton on behalf of Rumble, Inc. Lead Counsel: Gregory J. Dubinsky. (Compton, Jennifer) Modified on 10/24/2022 (CTR). (Entered: 10/24/2022) |
| 11/03/2022 | 20 | Unopposed MOTION for Shawn M. Kennedy to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−20162097 for $150 by All Plaintiffs. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/03/2022) |
| 11/03/2022 | 21 | **ENDORSED ORDER granting 20 Motion to Appear Pro Hac Vice. Attorney Shawn M. Kennedy may appear pro hac vice, subject to the requirement that counsel submit his Pro Hac Vice E−File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 11/3/2022. (BEE)** (Entered: 11/03/2022) |
| 11/03/2022 | 22 | CERTIFICATE of interested persons and corporate disclosure statement by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 11/03/2022) |
| 11/04/2022 | 23 | NOTICE of a related action per Local Rule 1.07(c) by Rumble, Inc. Related case(s): No (Compton, Jennifer) Modified on 11/4/2022 (CTR). (Entered: 11/04/2022) |
| 11/04/2022 | 24 | CERTIFICATE of interested persons and corporate disclosure statement by Rumble, Inc. (Compton, Jennifer) Modified on 11/4/2022 (CTR). (Entered: 11/04/2022) |
| 11/09/2022 | 25 | Unopposed MOTION for Hannah M. Crowe to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−20184412 for $150 by James Buechler, Jesse Martinez. (Cormier, Christopher) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/09/2022) |
| 11/14/2022 | 26 | **ENDORSED ORDER granting 25 Motion to Appear Pro Hac Vice. Attorney Hannah M. Crowe may appear pro hac vice, subject to the requirement that counsel submit her Pro Hac Vice E−File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 11/14/2022. (BEE)** (Entered: 11/14/2022) |
| 11/22/2022 | 27 | Unopposed MOTION for Rachel Geman to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−20232195 for $150 by All Plaintiffs. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/22/2022) |
| 11/22/2022 | 28 | Unopposed MOTION for Michael K. Sheen to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−20232201 for $150 by All Plaintiffs. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/22/2022) |

| 11/23/2022 | 29 | **ENDORSED ORDER granting 27 Motion to Appear Pro Hac Vice; granting 28 Motion to Appear Pro Hac Vice. Attorneys Michael K. Sheen and Rachel Geman may appear pro hac vice, subject to the requirement that counsel submit their Pro Hac Vice E–File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 11/23/2022. (BEE)** (Entered: 11/23/2022) |
|---|---|---|
| 11/23/2022 | 30 | MOTION to Dismiss for Failure to State a Claim by Rumble, Inc.. (Attachments: # 1 Declaration of Michael Ellis, # 2 Exhibit 1 – Rumble's Quarterly Report on Form 10–Q/A filed with the SEC on November 15, 2022, # 3 Exhibit 2 – Rumble's Registration Statement on Form S–1 filed with the SEC on November 4, 2022, # 4 Exhibit 3 – Schedule 13D filed by one of Rumble's directors with the SEC on September 26, 2022, # 5 Exhibit 4 – Terms and Conditions in force at the time the Complaint was filed in this action)(Dubinsky, Gregory) (Entered: 11/23/2022) |
| 11/23/2022 | 31 | MOTION to Stay Discovery by Rumble, Inc.. (Attachments: # 1 Declaration of Gregory Dubinsky, # 2 Exhibit 1 – Plaintiffs' Preservation Request Letters dated October 7, 2022)(Dubinsky, Gregory) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 11/23/2022) |
| 11/29/2022 | 32 | CASE MANAGEMENT REPORT. (Dubinsky, Gregory) (Entered: 11/29/2022) |
| 12/07/2022 | 34 | RESPONSE in Opposition re 31 MOTION to Stay Discovery *and Incorporated Memorandum of Law* filed by James Buechler, Jesse Martinez. (Attachments: # 1 Exhibit 1 – Plaintiffs' Preservation Letters, # 2 Exhibit 2 – Declaration of Chris Cormier)(Cormier, Christopher) (Entered: 12/07/2022) |
| 12/12/2022 | 35 | **ORDER denying 31 Motion to Stay Discovery. Signed by Magistrate Judge Amanda Arnold Sansone on 12/12/2022. (BEE)** (Entered: 12/12/2022) |
| 12/13/2022 | 36 | NOTICE to counsel Hannah Crowe of Local Rule 2.01(b)(1)(G), which requires members of the Middle District bar to register with the Middle District CM/ECF system by submitting an e–file registration through PACER. (Signed by Deputy Clerk). (CTR) (Entered: 12/13/2022) |
| 12/14/2022 | 37 | RESPONSE in Opposition re 30 MOTION to Dismiss for Failure to State a Claim *and Incorporated Memorandum of Law* filed by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 12/14/2022) |
| 12/16/2022 | 38 | Unopposed MOTION for Leave to File Other Document : Reply Brief in Support of Motion to Dismiss by Rumble, Inc. (Dubinsky, Gregory) Modified on 12/19/2022 (CTR). (Entered: 12/16/2022) |
| 12/19/2022 | 39 | **ENDORSED ORDER: The defendant's unopposed motion (Doc. 38) to reply in support of the motion to dismiss is GRANTED. Not later than DECEMBER 27, 2022, the defendant must reply in a paper not exceeding seven pages. A reply remains disfavored, and this order creates no right or expectation of further leave to reply for any party at any time. Signed by Judge Steven D. Merryday on 12/19/2022. (WBW)** (Entered: 12/19/2022) |
| 12/22/2022 | 40 | NOTICE of supplemental authority re 37 Response in Opposition to Motion *to Dismiss* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 12/22/2022) |
| 12/27/2022 | 41 | OBJECTION re 35 Order on Motion to Stay Discovery . (Dubinsky, Gregory) (Entered: 12/27/2022) |

| 12/27/2022 | 42 | REPLY to Response to Motion re 30 MOTION to Dismiss for Failure to State a Claim filed by Rumble, Inc.. (Attachments: # 1 Reply Declaration of David Loukidelis, # 2 Reply Declaration of Michael Ellis, # 3 Exhibit 1 – 2014 Terms and Conditions, # 4 Exhibit 2 – 2021 Terms and Conditions)(Dubinsky, Gregory) (Entered: 12/27/2022) |
| 01/03/2023 | 43 | RESPONSE re 41 Objection *to Order Denying Rumble's Motion to Stay Discovery* filed by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 01/03/2023) |
| 01/03/2023 | 44 | MOTION for Leave to File Other Document :Sur–Reply to Defendant's Reply in Support of Motion to Dismiss by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 01/03/2023) |
| 01/06/2023 | 45 | **ENDORSED ORDER denying 44 the plaintiffs' motion for leave to sur–reply. Signed by Judge Steven D. Merryday on 1/6/2023.** (Entered: 01/06/2023) |
| 01/26/2023 | 46 | Unopposed MOTION for Protective Order by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Cormier, Christopher) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 01/26/2023) |
| 01/26/2023 | 47 | STIPULATION *Regarding Expert Discovery* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 01/26/2023) |
| 01/27/2023 | 48 | **ORDER granting 46 Motion for Protective Order. Signed by Magistrate Judge Amanda Arnold Sansone on 1/27/2023. (BEE)** (Entered: 01/27/2023) |
| 01/27/2023 | 49 | Unopposed MOTION for Lauren Cross to Withdraw as Attorney by James Buechler, Jesse Martinez. (Cross, Lauren) (Entered: 01/27/2023) |
| 01/30/2023 | 50 | **ENDORSED ORDER: Lauren Cross moves (Doc. 49) to withdraw as attorney for the plaintiffs. The motion is GRANTED, and Cross is WITHDRAWN. The clerk must remove Cross from the service list. Signed by Judge Steven D. Merryday on 1/30/2023. (WBW)** (Entered: 01/30/2023) |
| 02/27/2023 | 51 | NOTICE of supplemental authority re 30 MOTION to Dismiss for Failure to State a Claim by Rumble, Inc. (Dubinsky, Gregory) Modified on 2/28/2023 (CTR). (Entered: 02/27/2023) |
| 03/07/2023 | 52 | **ORDER re 41––objection to denial of motion to stay discovery; overruling objections; affirming the magistrate judge's order. Signed by Judge Steven D. Merryday on 3/7/2023. (WBW)** (Entered: 03/07/2023) |
| 03/13/2023 | 53 | STIPULATION *Regarding the Production of Electronically Stored Information ("ESI") and Hard Copy Documents* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 03/13/2023) |
| 03/13/2023 | 54 | **ORDER denying 30––motion to dismiss. Signed by Judge Steven D. Merryday on 3/13/2023. (WBW)** (Entered: 03/13/2023) |
| 03/22/2023 | 55 | MOTION for Discovery *Scheduling Conference* by Rumble, Inc. (Dubinsky, Gregory) Motions referred to Magistrate Judge Amanda Arnold Sansone. Modified on 3/22/2023 (CTR). (Entered: 03/22/2023) |
| 03/27/2023 | 56 | ANSWER and affirmative defenses to 1 Complaint, by Rumble, Inc.(Dubinsky, Gregory) Modified on 3/28/2023 (CTR). (Entered: 03/27/2023) |

| 04/05/2023 | 57 | RESPONSE in Opposition re 55 MOTION for Discovery *Scheduling Conference to Bifurcate Discovery* filed by James Buechler, Jesse Martinez. (Attachments: # 1 Declaration of Christopher J. Cormier, # 2 Exhibit 1 – Plaintiffs' 1st Set of Document Requests, # 3 Exhibit 2 – Plaintiffs' 1st Set of Interrogatories, # 4 Exhibit 3 – Rumble's Responses and Objections to RFPs, # 5 Exhibit 4 – Rumble's Responses and Objections to Interrogatories, # 6 Exhibit 5 – Plaintiffs' Ltr to Rumble requesting Meet and Confer, # 7 Exhibit 6 – Rumble's 26(a) Initial Disclosures, # 8 Exhibit 7 – Plaintiffs' Initial Disclosures, # 9 Exhibit 8 – Plaintiffs' Subpoena to META Platforms Inc)(Cormier, Christopher) (Entered: 04/05/2023) |
|---|---|---|
| 04/07/2023 | 58 | **ENDORSED ORDER Setting Hearing on 55 Motion: Hearing set for 4/19/2023 at 10:00 AM in Tampa Courtroom 10 B before Magistrate Judge Amanda Arnold Sansone. Signed by Magistrate Judge Amanda Arnold Sansone on 4/7/2023. (BEE)** (Entered: 04/07/2023) |
| 04/17/2023 | 59 | MOTION to Strike 56 Answer to Complaint *Affirmative Defenses* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 04/17/2023) |
| 04/18/2023 | 60 | NOTICE of *Appearance* Appearance by Ryan M. Guerin on behalf of Rumble, Inc. (Guerin, Ryan) (Entered: 04/18/2023) |
| 04/19/2023 | 61 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: MOTION HEARING held on 4/19/2023 re 55 MOTION for Discovery *Scheduling Conference* filed by Rumble, Inc. (digital) (CDM) Modified on 4/19/2023 (CDM). (Entered: 04/19/2023) |
| 04/20/2023 | 62 | JOINT ORAL MOTION to expedite discovery responses during venue discovery period. (BEE) (Entered: 04/20/2023) |
| 04/20/2023 | 63 | JOINT ORAL MOTION for deadlines to disclose experts and reports addressing the issue of venue. (BEE) (Entered: 04/20/2023) |
| 04/20/2023 | 64 | JOINT ORAL MOTION to provide experts for deposition. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 04/20/2023) |
| 04/20/2023 | 65 | **ORDER granting in part 55 motion for venue discovery; granting 62 Motion to expedite discovery responses; granting 63 Motion for deadlines to disclose experts and reports; granting 64 Motion to provide experts for deposition. Signed by Magistrate Judge Amanda Arnold Sansone on 4/20/2023. (BEE)** (Entered: 04/20/2023) |
| 04/20/2023 | 66 | **ENDORSED ORDER setting a discovery status conference for July 21, 2023 at 10:00 A.M. via videoconference. The court will send counsel a calendar entry containing a link to the videoconference information. Signed by Magistrate Judge Amanda Arnold Sansone on 4/20/2023. (BEE)** (Entered: 04/20/2023) |
| 04/28/2023 | 67 | TRANSCRIPT of Digitally Recorded Motion Hearing held on 4/19/23 before Judge Sansone. Court Reporter/Transcriber: Shelli Kozachenko. Email address: shellikoz@gmail.com. Telephone number: 904.301.6842.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release |

| | | |
|---|---|---|
| | | of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 5/19/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/27/2023. (SMK) (Entered: 04/28/2023) |
| 05/01/2023 | 68 | RESPONSE in Opposition re 59 MOTION to Strike 56 Answer to Complaint *Affirmative Defenses* filed by Rumble, Inc. (Attachments: # 1 Declaration of Gregory Dubinsky, # 2 Exhibit 1 – Correspondence)(Dubinsky, Gregory) Modified on 5/2/2023 (CTR). (Entered: 05/01/2023) |
| 05/05/2023 | 69 | MOTION for Miscellaneous Relief, specifically Leave to File a Renewed Motion to Dismiss on Forum Non Conveniens Grounds or Successive Motions for Summary Judgment by Rumble, Inc. (Dubinsky, Gregory) Modified text on 5/8/2023 (MCB). (Entered: 05/05/2023) |
| 05/19/2023 | 70 | RESPONSE in Opposition re 69 MOTION for Miscellaneous Relief, specifically Leave to File a Renewed Motion to Dismiss on Forum Non Conveniens Grounds or Successive Motions for Summary Judgment filed by James Buechler, Jesse Martinez. (Attachments: # 1 Declaration of Christopher J. Cormier, # 2 Exhibit 1 – Rumble's Responses and Objections to Plaintiffs' First Set of Forum–Related Document Requests, # 3 Exhibit 2 – Rumble's Responses and Objections to Plaintiffs' First Set of Forum–Related Interrogatories, # 4 Exhibit 3 – Rumble's Responses and Objections to Plaintiffs' First Set of Forum–Related Requests for Admission, # 5 Exhibit 4 – Meta's Objections to Plaintiffs' Subpoena, # 6 Exhibit 5 – Excerpts from the certified transcription of the April 19, 2023 Hearing)(Cormier, Christopher) (Entered: 05/19/2023) |
| 05/26/2023 | 71 | **ORDER granting–in–part 69––motion to file "successive" motions; denying 59––motion to strike. Signed by Judge Steven D. Merryday on 5/26/2023. (WBW)** (Entered: 05/26/2023) |
| 06/12/2023 | 72 | MOTION for Jonathon R. La Chapelle to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–20931879 for $150 by Rumble, Inc.. (Compton, Jennifer) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 06/12/2023) |
| 06/13/2023 | 73 | **ENDORSED ORDER granting 72 Motion to Appear Pro Hac Vice. Attorney Jonathon R. La Chapelle may appear pro hac vice, subject to the requirement that counsel submit his Pro Hac Vice E–File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 6/13/2023. (BEE)** (Entered: 06/13/2023) |
| 07/21/2023 | 74 | Minute Entry. Virtual Proceedings held before Magistrate Judge Amanda Arnold Sansone: Discovery Status Hearing held on 7/21/2023.. (digital) (CDM) (Entered: 07/21/2023) |
| 07/21/2023 | 75 | ORAL MOTION for a deadline for plaintiffs' counsel to provide dates for the continuation of Mr. Martinez's deposition by defendants. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/21/2023) |
| 07/21/2023 | 76 | ORAL MOTION for the defendant to respond to the plaintiffs' correspondence concerning alleged written discovery response deficiencies. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/21/2023) |
| 07/21/2023 | 77 | |

| | | |
|---|---|---|
| | | JOINT ORAL MOTION to extend the deadline for discovery of evidence directly probative of venue. (BEE) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/21/2023) |
| 07/21/2023 | 78 | **ORDER granting Oral Motions 75, 76, and 77. The motion for summary judgment on the issue of venue is due September 22, 2023. The response to the motion is due October 13, 2023. A reply in support of the motion is due October 27, 2023. Signed by Magistrate Judge Amanda Arnold Sansone on 7/21/2023. (BEE)** (Entered: 07/21/2023) |
| 07/24/2023 | 79 | Unopposed MOTION for Bret D. Hembd to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21072686 for $150 by Jesse Martinez. (Herrera, Nicomedes) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 07/24/2023) |
| 07/24/2023 | 80 | **ENDORSED ORDER granting 79 Motion to Appear Pro Hac Vice. Attorney Bret D. Hembd may appear pro hac vice, subject to the requirement that counsel submit his Pro Hac Vice E–File Registration within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 7/24/2023. (BEE)** (Entered: 07/24/2023) |
| 07/24/2023 | 81 | MOTION for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) by James Buechler. (Cormier, Christopher) Modified on 7/25/2023 (BD). (Entered: 07/24/2023) |
| 07/24/2023 | 82 | MOTION to Withdraw *from Representation of James Buechler* by All Plaintiffs. (Cormier, Christopher) (Entered: 07/24/2023) |
| 07/28/2023 | 83 | ***ENTERED IN ERROR. (DJC) Modified image and text on 7/31/2023 (LNR). (Entered: 07/28/2023) |
| 08/03/2023 | 84 | MOTION for Miscellaneous Relief, specifically to Set Condensed Summary Judgment Briefing Schedule by Jesse Martinez. (Cormier, Christopher) (Entered: 08/03/2023) |
| 08/07/2023 | 85 | MOTION for Sanctions *against Plaintiff James Buechler* by Rumble, Inc. (Dubinsky, Gregory) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 08/07/2023) |
| 08/07/2023 | 86 | DECLARATION of Gregory J. Dubinsky re 85 MOTION for Sanctions *against Plaintiff James Buechler* by Rumble, Inc. (Attachments: # 1 Exhibit 1––Document no. Plaintiffs000000033, # 2 Exhibit 2––Document no. Rumble_Buechler000002147, # 3 Exhibit 3––July 11, 2023 Transcript, # 4 Exhibit 4––July 17, 2023 Letter, # 5 Exhibit 5––July 19, 2023 Email, # 6 Exhibit 6––Deposition Exhibit, # 7 Exhibit 7––July 25, 2023 Letter, # 8 Exhibit 8––August 3, 2023 Letter, # 9 Exhibit 9––August 3, 2023 Email, # 10 Exhibit 10––ESI Stipulation)(Dubinsky, Gregory) (Entered: 08/07/2023) |
| 08/07/2023 | 87 | DECLARATION of Wojciech Hlibowicki re 85 MOTION for Sanctions *against Plaintiff James Buechler* by Rumble, Inc. (Attachments: # 1 Exhibit 1––Document no. Plaintiffs000000033)(Dubinsky, Gregory) (Entered: 08/07/2023) |
| 08/07/2023 | 88 | RESPONSE to Motion re 81 MOTION for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) filed by Rumble, Inc. (Dubinsky, Gregory) (Entered: 08/07/2023) |

12

| 08/07/2023 | 89 | RESPONSE to Motion re 82 MOTION to Withdraw *from Representation of James Buechler* filed by Rumble, Inc. (Dubinsky, Gregory) (Entered: 08/07/2023) |
| 08/09/2023 | 90 | Emergency MOTION to Expedite *Ruling on 82 Motion to Withdraw from Representation of James Buechler* by All Plaintiffs. (Cormier, Christopher) Modified on 8/10/2023 to edit docket text (AJS). (Entered: 08/09/2023) |
| 08/09/2023 | 91 | RESPONSE in Opposition re 90 Emergency MOTION to Expedite *Ruling on 82 Motion to Withdraw from Representation of James Buechler* filed by Rumble, Inc. (Dubinsky, Gregory) Modified on 8/10/2023 to edit docket text (AJS). (Entered: 08/09/2023) |
| 08/14/2023 | 92 | **ORDER granting 81––motion to voluntarily dismiss; dismissing Buechler's action with prejudice; directing Martinez to amend the complaint to remove Buechler as a named plaintiff; retaining jurisdiction to resolve the pending motion for sanctions; referring to the magistrate judge 82––motion to withdraw and 85––motion for sanctions; denying 90––motion to expedite. Signed by Judge Steven D. Merryday on 8/14/2023. (WBW)** (Entered: 08/14/2023) |
| 08/17/2023 | 93 | RESPONSE in Opposition re 84 MOTION for Miscellaneous Relief, specifically to Set Condensed Summary Judgment Briefing Schedule filed by Rumble, Inc.. (Attachments: # 1 Declaration of Gregory J. Dubinsky, # 2 Exhibit 1 – July 21, 2023 Hearing Transcript)(Dubinsky, Gregory) (Entered: 08/17/2023) |
| 08/21/2023 | 94 | MOTION for Leave to File Other Document: Limited Reply in support of 84 Motion to Set Condensed Summary Judgment Briefing Schedule by Jesse Martinez. (Cormier, Christopher) Modified text on 8/22/2023 (JK). (Entered: 08/21/2023) |
| 08/21/2023 | 95 | RESPONSE in Opposition re 85 MOTION for Sanctions *against Plaintiff James Buechler* filed by Jesse Martinez. (Attachments: # 1 Declaration of Hannah M. Crowe, # 2 Exhibit 1 – Correspondence regarding Extension Request)(Cormier, Christopher) (Entered: 08/21/2023) |
| 08/23/2023 | 96 | **ORDER denying without prejudice 82 Motion to Withdraw from Representation of James Buechler. Signed by Magistrate Judge Amanda Arnold Sansone on 8/23/2023. (BEE)** (Entered: 08/23/2023) |
| 08/23/2023 | 97 | **ORDER re: scheduling an evidentiary hearing on 85 MOTION for Sanctions, and directing document production. Signed by Magistrate Judge Amanda Arnold Sansone on 8/23/2023. (BEE)** (Entered: 08/23/2023) |
| 08/28/2023 | 98 | JOINT NOTICE regarding Evidentiary Hearing by Rumble, Inc. re 97 Order (Dubinsky, Gregory) Modified on 8/29/2023 (ABC). (Entered: 08/28/2023) |
| 08/31/2023 | 99 | AMENDED COMPLAINT against Rumble, Inc. with Jury Demand. filed by Jesse Martinez.(Cormier, Christopher) (Entered: 08/31/2023) |
| 09/05/2023 | 100 | **ENDORSED ORDER Setting Evidentiary Hearing on Motion 85 MOTION for Sanctions: Motion Hearing set for 10/10/2023 at 01:00 PM in Tampa Courtroom 10 B before Magistrate Judge Amanda Arnold Sansone. Signed by Magistrate Judge Amanda Arnold Sansone on 9/5/2023. (BEE)** (Entered: 09/05/2023) |
| 09/05/2023 | 101 | Unopposed MOTION for Daniel H. Charest to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC–21215920 for $150 *by James Buechler and* by Jesse Martinez. (Cormier, Christopher) Motions referred to Magistrate Judge Amanda Arnold Sansone. (Entered: 09/05/2023) |

| | | |
|---|---|---|
| 09/05/2023 | 102 | **ENDORSED ORDER granting <u>101</u> Motion to Appear Pro Hac Vice. Attorney Daniel H. Charest may appear pro hac vice, subject to the requirement that counsel submit his Pro Hac Vice E–File Registration (see https://www.flmd.uscourts.gov/for–lawyers) within seven days of this order. Signed by Magistrate Judge Amanda Arnold Sansone on 9/5/2023. (BEE)** (Entered: 09/05/2023) |
| 09/08/2023 | <u>103</u> | MOTION for in Camera Disclosure Pursuant to Rule 4–3.3(a)(4) by Jesse Martinez, (Cormier, Christopher) Modified on 9/11/2023 to edit event code. (LD). (Entered: 09/08/2023) |
| 09/08/2023 | <u>104</u> | STATUS report *Statement by Counsel for James Buechler in Response to Order Compelling Production of Native Rumble Registration Email* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 09/08/2023) |
| 09/08/2023 | <u>105</u> | MOTION to Withdraw *from Representation of James Buechler (Renewed Motion)* by James Buechler, Jesse Martinez. (Cormier, Christopher) (Entered: 09/08/2023) |
| 09/14/2023 | <u>106</u> | ANSWER and affirmative defenses to <u>99</u> Amended Complaint by Rumble, Inc..(Dubinsky, Gregory) (Entered: 09/14/2023) |
| 09/18/2023 | <u>107</u> | **ORDER Settings Hearing on Motions: Ex Parte Hearing on <u>103</u> MOTION for in camera disclosure set for 10/10/2023 at 01:00 PM in Tampa Courtroom 10 B; Public Hearing on <u>105</u> MOTION to Withdraw from Representation of James Buechler set for 10/10/2023 at 01:30 PM in Tampa Courtroom 10 B. Evidentiary Hearing on <u>85</u> MOTION for Sanctions is canceled and will be rescheduled after resolution of the motions for in camera disclosure and to withdraw as counsel. Signed by Magistrate Judge Amanda Arnold Sansone on 9/18/2023. (BEE)** (Entered: 09/18/2023) |
| 09/22/2023 | <u>108</u> | **ORDER denying the plaintiff's motion (Doc. <u>84</u>) to set a condensed summary judgment briefing schedule; denying as moot the plaintiff's motion (Doc. <u>94</u>) for Leave to File Document. Signed by Judge Steven D. Merryday on 9/22/2023. (CJR)** (Entered: 09/22/2023) |
| 09/22/2023 | <u>109</u> | RESPONSE to Motion re <u>105</u> MOTION to Withdraw *from Representation of James Buechler (Renewed Motion)* filed by Rumble, Inc. (Attachments: # <u>1</u> Declaration of Gregory J. Dubinsky, # <u>2</u> Exhibit 1––Email correspondence dated September 7–8, 2023, # <u>3</u> Exhibit 2––September 12, 2023 Email titled "Martinez v. Rumble", # <u>4</u> Exhibit 3––July 17, 2023 Correspondence between Counsel, # <u>5</u> Exhibit 4––Email correspondence dated August 1–4, 2023, # <u>6</u> Exhibit 5––Email correspondence dated August 31–September 19, 2023)(Dubinsky, Gregory) Modified text on 9/25/2023 (KME). (Entered: 09/22/2023) |
| 09/22/2023 | <u>110</u> | MOTION for Partial Summary Judgment *and Supporting Memorandum of Law on Venue* by Jesse Martinez. (Attachments: # <u>1</u> Index of Exhibits, # <u>2</u> Exhibit 1 – Expert Report of David Loukidelis, # <u>3</u> Exhibit 2 – Deposition Transcript of David Loukidelis, # <u>4</u> Exhibit 3 – Dr. Ignacio Cofone Expert Report (June 2, 2023), # <u>5</u> Exhibit 4 – Deposition Transcript (July 12, 2023) of Jesse Martinez – Excerpt, # <u>6</u> Exhibit 5 – Rule 30(b)(6) Deposition Transcript of Michael Ellis – Excerpt, # <u>7</u> Exhibit 6 – Plaintiff's Amended Responses to Defendant's 1st Set of Requests for Admission, # <u>8</u> Exhibit 7 – Defendant's Amended Responses and Objections to Plaintiffs' 1st Set of Forum–Related Interrogatories, # <u>9</u> Exhibit 8 – Defendant's Responses and Objections to Plaintiffs' 2nd Set of Forum–Related Interrogatories, # <u>10</u> Exhibit 9 – Defendant's Amended Responses and Objections to Plaintiffs' 2nd Set |

of Forum–Related Interrogatories, # 11 Exhibit 10 – Defendant's Amended
Responses and Objections to Plaintiffs' 1st Set of Forum–Related Requests for
Admission, # 12 Exhibit 11 – Defendant's Responses and Objections to Plaintiffs'
2nd Set of Forum–Related Requests for Admission, # 13 Exhibit 12 – Defendant's
Responses and Objections to Plaintiffs' 3rd Set of Forum–Related Requests for
Admission, # 14 Exhibit 13 – Defendant's Responses and Objections to Plaintiffs' 4th
Set of Forum–Related Requests for Admission, # 15 Exhibit 14 – Rumble Inc.
Privacy Policy (last updated Oct. 7, 2022), # 16 Exhibit 15 – Rumble Inc. Privacy
Policy (as of Sept. 29, 2022), # 17 Exhibit 16 – Rumble Inc.'s Form 10–K Annual
Report for 2022 filed with U.S. Securities and Exchange Commission, # 18 Exhibit
17 – Rumble News Release – Rumble Reports Record Fourth Quarter and Full Year
2022 Results, # 19 Exhibit 18 – Rumble Investor Presentation (August 2022), # 20
Exhibit 19 – Rumble Inc. Press Release, "Rumble Opens New U.S. Headquarters in
Longboat Key, Florida", # 21 Exhibit 20 – Rumble Inc. Press Release, "Rumble
Opens New Studio for Content Creators in Longboat Key, Florida", # 22 Exhibit 21 –
Rumble Inc. Press Release, "Rumble Will Provide a 100% Creator Revenue Share for
Subscription Badges Till The End of 2023", # 23 Exhibit 22 – Rumble Inc. Press
Release, "First GOP Debate of the 2024 Presidential Primaries Will Be Streamed
Exclusively on Rumble", # 24 Exhibit 23 – PIPEDA, S.C. 2000, c. 5, # 25 Exhibit 24
– Del Giudice v. Thompson, 2021 ONSC 5379, # 26 Exhibit 25 – Doan v. Canada
(Attorney General), 2023 FC 236, # 27 Exhibit 26 – (Canada) Privacy Commissioner
v. Facebook, Inc., 2023 FC 533, # 28 Exhibit 27 – Haikola v. The Personal Insurance
Company, 2019 ONSC 5982, # 29 Exhibit 28 – Speevak v. Canadian Imperial Bank
of Commerce, 2010 ONSC 1128, # 30 Exhibit 29 – Jones v. Tsige, 2012 ONCA 32,
# 31 Exhibit 30 – A.T. v. Globe24h.com, 2017 FC 114, # 32 Exhibit 31 – Lawson v.
Accusearch Inc., 2007 FC 125, # 33 Exhibit 32 – Douez v. Facebook, Inc., 2017 SCC
33, # 34 Exhibit 33 – OPC 2016–17 Annual Report to Parliament on PIPEDA and
the Privacy Act, # 35 Exhibit 34 – OPC 2017–18 Annual Report to Parliament on
PIPEDA and the Privacy Act, # 36 Exhibit 35 – OPC website post "PIPEDA
Legislation and Related Regulations", # 37 Exhibit 36 – How to apply for a Federal
Court hearing under PIPEDA – Office of the Privacy Commissioner of Canada, # 38
Exhibit 37 – Amended Statement of Claim, Ferguson v. Google LLC, et al., Sept. 16,
2022 (Ontario Superior Court of Justice))(Cormier, Christopher) (Entered:
09/22/2023)

| 09/22/2023 | 111 | MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Rumble, Inc. (Dubinsky, Gregory) Modified text on 9/25/2023 (KME). (Entered: 09/22/2023) |
| 09/22/2023 | 112 | DECLARATION of Michael Ellis, in Support of 111 MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Rumble, Inc. (Dubinsky, Gregory) Modified on 9/25/2023 to edit docket text (BCB). (Entered: 09/22/2023) |
| 09/22/2023 | 113 | DECLARATION of Gregory J. Dubinsky, in Support of 111 MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Rumble, Inc. (Attachments: # 1 Exhibit 1––Rumble.com's August 20, 2021 Website Terms and Conditions of Use and Agency Agreement, # 2 Exhibit 2––Plaintiff Martinez's Amended Responses to Rumble Inc.'s First Set of RFA, dated August 31, 2023, # 3 Exhibit 3––Placeholder of Excerpts of July 12, 2023 Transcript of Martinez Deposition, # 4 Exhibit 4––Placeholder of Excerpts of the August 18, 2023 Transcript of Martinez Deposition, # 5 Exhibit 5––Excerpts of the July 25, 2023 Transcript of the 30(b)(6) deposition of Michael Ellis, # 6 Exhibit 6––Rumble.com's account activation email to Jesse Martinez, # 7 Exhibit 7––Rumble.com's August 22, 2021 Website Terms and |

| | | |
|---|---|---|
| | | Conditions of Use and Agency Agreement, # 8 Exhibit 8––Plaintiffs' Responses to Rumble Inc.'s First Set of Interrogatories to Plaintiffs, dated May 4, 2023, # 9 Exhibit 9––July 5, 2023 letter correspondence between counsel, # 10 Exhibit 10––Plaintiffs' Responses to Rumble Inc.'s First Set of Requests for Admission, dated May 4, 2023, # 11 Exhibit 11––June 21, 2023 email correspondence between counsel, # 12 Exhibit 12––July 31, 2023 email correspondence between counsel, # 13 Exhibit 13––Order Setting Conditions of Release in State of New Mexico v. Jesse Martinez, dated June 2, 2023, # 14 Exhibit 14––Placeholder of August 21, 2023 email correspondence between counsel, # 15 Exhibit 15––Rumble Inc.'s Amended Responses and Objections to Plaintiffs' First Set of Forum–Related Requests for Admission, dated June 21, 2023, # 16 Exhibit 16––July 28, 2023 email correspondence between counsel, # 17 Exhibit 17––Excerpts of the July 18, 2023 Transcript of Loukidelis deposition, # 18 Exhibit 18––June 2, 2023 Expert Report of David Loukidelis, # 19 Exhibit 19––Excerpts of the July 14, 2023 Transcript of Cofone deposition, # 20 Exhibit 20––June 2, 2023 Expert Report of Dr. Ignacio Cofone, # 21 Exhibit 21––Policy Proposals for PIPEDA Reform to Address Artificial Intelligence Report, dated November 2020, # 22 Exhibit 22––Rumble Inc.'s Amended Responses and Objections to Plaintiffs' First Set of Forum–Related Interrogatories, dated August 4, 2023, # 23 Exhibit 23––Case of Evans v. The Bank of Nova Scotia, # 24 Exhibit 24––Case of Jane Doe 464533 v. N.D., # 25 Exhibit 25––Case of Hategan v. Farber, # 26 Exhibit 26––Case of Moore v. Sweet, # 27 Exhibit 27––Case of Haikola v. The Personal Insurance Company, # 28 Exhibit 28––Case of Speevak v. Canadian Imperial Bank of Commerce, # 29 Exhibit 29––Case of A.T. v. Globe24h.com, # 30 Exhibit 30––Case of Lawson v. Accusearch Inc. (F.C.), # 31 Exhibit 31––Case of Society of Composers, Authors and Music Publishers of Canada v. Canadian Association of Internet Providers, # 32 Exhibit 32––Case of Chevron Corporation v. Yaiguaje, # 33 Exhibit 33––Case of Equustek Solutions Inc. v. Google Inc., # 34 Exhibit 34––Case of Google Inc. v. Equustek Solutions Inc.)(Dubinsky, Gregory) Modified on 9/25/2023 (BCB). (Entered: 09/22/2023) |
| 10/09/2023 | 114 | MOTION for Summary Judgment *and Incorporated Memorandum of Law, Unredacted 111, per Local Rule 1.11(d)* by Rumble, Inc. (Dubinsky, Gregory) Modified text on 10/10/2023 (GL). (Entered: 10/09/2023) |
| 10/09/2023 | 115 | DECLARATION of Gregory J. Dubinsky, Unredacted 113, per Local Rule 1.11(d) re 114 MOTION for Summary Judgment *and Incorporated Memorandum of Law, Unredacted 111, per Local Rule 1.11(d)* by Rumble, Inc. (Attachments: # 1 Exhibit 1––Rumble.com's August 20, 2021 Website Terms and Conditions of Use and Agency Agreement, # 2 Exhibit 2––Plaintiff Martinez's Amended Responses to Rumble Inc.'s First Set of RFA, dated August 31, 2023, # 3 Exhibit 3––Excerpts of July 12, 2023 Transcript of Martinez Deposition, # 4 Exhibit 4––Excerpts of the August 18, 2023 Transcript of Martinez Deposition, # 5 Exhibit 5––Excerpts of the July 25, 2023 Transcript of the 30(b)(6) deposition of Michael Ellis, # 6 Exhibit 6––Rumble.com's account activation email to Jesse Martinez, # 7 Exhibit 7––Rumble.com's August 22, 2021 Website Terms and Conditions of Use and Agency Agreement, # 8 Exhibit 8––Plaintiffs' Responses to Defendant Rumble Inc.'s First Set of Interrogatories to Plaintiffs, dated May 4, 2023, # 9 Exhibit 9––July 5, 2023 letter correspondence between counsel, # 10 Exhibit 10––Plaintiffs' Responses to Rumble Inc.'s First Set of Requests for Admission, dated May 4, 2023, # 11 Exhibit 11––June 21, 2023 email correspondence between counsel, # 12 Exhibit 12––July 31, 2023 email correspondence between counsel, # 13 Exhibit 13––Order Setting Conditions of Release in State of New Mexico v. Jesse Martinez, dated June |

| | | |
|---|---|---|
| | | 2, 2023, # 14 Exhibit 14––August 21, 2023 email correspondence between counsel, # 15 Exhibit 15––Rumble Inc.'s Amended Responses and Objections to Plaintiffs' First Set of Forum–Related Requests for Admission, dated June 21, 2023, # 16 Exhibit 16––July 28, 2023 email correspondence between counsel, # 17 Exhibit 17––Excerpts of the July 18, 2023 Transcript of Loukidelis deposition, # 18 Exhibit 18––June 2, 2023 Expert Report of David Loukidelis, # 19 Exhibit 19––Excerpts of the July 14, 2023 Transcript of Cofone deposition, # 20 Exhibit 20––June 2, 2023 Expert Report of Dr. Ignacio Cofone, # 21 Exhibit 21––Policy Proposals for PIPEDA Reform to Address Artificial Intelligence Report, dated November 2020, # 22 Exhibit 22––Rumble Inc.'s Amended Responses and Objections to Plaintiffs' First Set of Forum–Related Interrogatories, dated August 4, 2023, # 23 Exhibit 23––Case of Evans v. The Bank of Nova Scotia, # 24 Exhibit 24––Case of Jane Doe 464533 v. N.D., # 25 Exhibit 25––Case of Hategan v. Farber, # 26 Exhibit 26––Case of Moore v. Sweet, # 27 Exhibit 27––Case of Haikola v. The Personal Insurance Company, # 28 Exhibit 28––Case of Speevak v. Canadian Imperial Bank of Commerce, # 29 Exhibit 29––Case of A.T. v. Globe24h.com, # 30 Exhibit 30––Case of Lawson v. Accusearch Inc. (F.C.), # 31 Exhibit 31––Case of Society of Composers, Authors and Music Publishers of Canada v. Canadian Association of Internet Providers, # 32 Exhibit 32––Case of Chevron Corporation v. Yaiguaje, # 33 Exhibit 33––Case of Equustek Solutions Inc. v. Google Inc., # 34 Exhibit 34––Case of Google Inc. v. Equustek Solutions Inc.)(Dubinsky, Gregory) Modified text on 10/10/2023 (GL). (Entered: 10/09/2023) |
| 10/10/2023 | 117 | Minute Entry. In Person Proceedings held before Magistrate Judge Amanda Arnold Sansone: MOTION HEARING held on 10/10/2023 re 105 MOTION to Withdraw *from Representation of James Buechler (Renewed Motion)* filed by Jesse Martinez, James Buechler. (digital) (CDM) (Entered: 10/10/2023) |
| 10/11/2023 | 118 | **ORDER granting 103 Motion for In Camera Disclosure; granting 105 MOTION to Withdraw from Representation of James Buechler. An evidentiary hearing via videoconference on Rumble Inc.'s 85 MOTION for Sanctions is scheduled for November 9, 2023 at 1:00 p.m. The court will send a calendar invite containing the videoconference information. See order for additional deadlines. Signed by Magistrate Judge Amanda Arnold Sansone on 10/11/2023. (BEE)** (Entered: 10/11/2023) |
| 10/13/2023 | 119 | RESPONSE to Motion re 114 MOTION for Summary Judgment *and Incorporated Memorandum of Law, Unredacted 111, per Local Rule 1.11(d)*, 111 MOTION for Summary Judgment *and Incorporated Memorandum of Law* filed by Jesse Martinez. (Attachments: # 1 Declaration of Christopher J. Cormier, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Cormier, Christopher) (Entered: 10/13/2023) |
| 10/13/2023 | 120 | MEMORANDUM in opposition re 110 Motion for Partial Summary Judgment filed by Rumble, Inc. (Dubinsky, Gregory) Modified on 10/16/2023 (SPM). (Entered: 10/13/2023) |
| 10/13/2023 | 121 | DECLARATION of Gregory J. Dubinsky by Rumble, Inc.. (Attachments: # 1 Exhibit Exhibit 35––Excerpts of the July 25, 2023 Transcript of the 30(b)(6) Deposition of Michael Ellis, # 2 Exhibit Exhibit 36––Excerpts of July 12, 2023 Transcript of Martinez Deposition, # 3 Exhibit Exhibit 37––Case of Tocco v. Bell Mobility, # 4 Exhibit Exhibit 38––Excerpts of the July 14, 2023 Transcript of Cofone Deposition, # 5 Exhibit Exhibit 39––Case of Doan v. Canada, # 6 Exhibit Exhibit 40––Case of Chandra v. CBC, # 7 Exhibit Exhibit 41––PIPEDA, # 8 Exhibit Exhibit |

| | | |
|---|---|---|
| | | 42––Excerpts of the July 18, 2023 Transcript of Loukidelis Deposition, # 9 Exhibit Exhibit 43––Case of Beals v. Saldana)(Dubinsky, Gregory) (Entered: 10/13/2023) |
| 10/16/2023 | 122 | **ORDER directing the Clerk to file correspondence under seal. Signed by Magistrate Judge Amanda Arnold Sansone on 10/16/2023. (BEE)** (Entered: 10/16/2023) |
| 10/20/2023 | 124 | TRANSCRIPT of motion hearing held on 10/10/23 before Judge Amanda Arnold Sansone. Court Reporter/Transcriber: Rebecca Sabo. Email address: Rebecca_Sabo@flmd.uscourts.gov. Telephone number: 14068556410.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/13/2023. Redacted Transcript Deadline set for 11/20/2023. Release of Transcript Restriction set for 1/18/2024. (RMS) (Entered: 10/20/2023) |
| 10/26/2023 | 125 | **ORDER re: court correspondence. Signed by Magistrate Judge Amanda Arnold Sansone on 10/26/2023. (Attachments: # 1 Motion for postponement, # 2 Correspondence enclosing alleged email, # 3 Notice of witness appearance)(BEE) (Entered: 10/26/2023)** |
| 10/26/2023 | 126 | MOTION for Postponement by James Buechler. (BEE) (Entered: 10/26/2023) |
| 10/26/2023 | 127 | NOTICE of correspondence enclosing alleged email by James Buechler. (BEE) (Entered: 10/26/2023) |
| 10/26/2023 | 128 | NOTICE of witness appearance by James Buechler. (BEE) (Entered: 10/26/2023) |
| 10/26/2023 | 129 | **ENDORSED ORDER directing Rumble, Inc. to respond to 126 MOTION for Postponement by 11/2/2023. Signed by Magistrate Judge Amanda Arnold Sansone on 10/26/2023. (BEE)** (Entered: 10/26/2023) |
| 10/26/2023 | 130 | Witness List by Rumble, Inc. (Dubinsky, Gregory) Modified text on 10/27/2023 (KME). (Entered: 10/26/2023) |
| 10/27/2023 | 131 | REPLY to Response to Motion re 111, 114 MOTION for Summary Judgment *and Incorporated Memorandum of Law* filed by Rumble, Inc. (Dubinsky, Gregory) Modified on 10/30/2023 to edit docket text (AJS). (Entered: 10/27/2023) |
| 10/27/2023 | 132 | Reply DECLARATION of Gregory J. Dubinsky re 111 MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Rumble, Inc. (Attachments: # 1 Exhibit 44––Facebook, Inc. v. Privacy Commissioner of Canada)(Dubinsky, Gregory) Modified on 10/30/2023 to edit docket text (AJS). (Entered: 10/27/2023) |
| 10/27/2023 | 133 | DECLARATION of Michael Ellis re 111 MOTION for Summary Judgment *and Incorporated Memorandum of Law* by Rumble, Inc. (Dubinsky, Gregory) Modified on 10/30/2023 to edit docket text (AJS). (Entered: 10/27/2023) |
| 10/27/2023 | 134 | REPLY in Support of 110 MOTION for Partial Summary Judgment *and Supporting Memorandum of Law on Venue* filed by Jesse Martinez. (Attachments: # 1 Declaration of Christopher J. Cormier, # 2 Exhibit 1 – Stewart v. Demme)(Cormier, |

| | | Christopher) Modified on 10/30/2023 to edit docket text (AJS). (Entered: 10/27/2023) |
|---|---|---|
| 11/02/2023 | 135 | RESPONSE to Motion re 126 MOTION for Extension of Time to File *Response to Motion for Postponement by James Buechler* filed by Rumble, Inc.. (Dubinsky, Gregory) (Entered: 11/02/2023) |
| 11/02/2023 | 136 | **ORDER granting 126 Motion for Postponement. An evidentiary hearing on 85 Rumble Inc.'s Motion for Sanctions Against Mr. Buechler is scheduled for February 15, 2024 at 1:00 p.m. The court will send a calendar invite containing the videoconference information. See order for additional details. Signed by Magistrate Judge Amanda Arnold Sansone on 11/2/2023. (BEE)** (Entered: 11/02/2023) |
| 12/22/2023 | 137 | **ORDER granting Rumble's motion (Doc. 111 and Doc. 114) for summary judgment; denying Martinez's motion for partial summary judgment (Doc. 110); directing the clerk to enter judgment for Rumble and against Martinez dismissing this action without prejudice for improper venue; directing the clerk to close the case; retaining jurisdiction to resolve Rumble's pending motion for sanctions against the former plaintiff, James Buechler. Signed by Judge Steven D. Merryday on 12/22/2023. (CJR)** (Entered: 12/22/2023) |
| 12/27/2023 | 138 | **JUDGMENT in favor of Defendant and against the Plaintiff dismissing this action without prejudice for improper venue. Signed by Deputy Clerk on 12/27/2023. (KME)** (Entered: 12/27/2023) |
| 01/26/2024 | 139 | NOTICE OF APPEAL as to 138 Judgment by Jesse Martinez. Filing fee $ 605, receipt number AFLMDC–21704487. (Cormier, Christopher) (Entered: 01/26/2024) |
| 01/29/2024 | 140 | NOTICE of *Limited* Appearance by Dale R. Sisco on behalf of James Buechler (Sisco, Dale) (Entered: 01/29/2024) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE MARTINEZ,

     Plaintiff,

v.                             CASE NO. 8:22-cv-2237-SDM-AAS

RUMBLE, INC.,

     Defendant.

_____/

**<u>ORDER</u>**

On behalf of a putative class, Jesse Martinez sues (Doc. 1) Rumble, Inc., and alleges that Rumble violated the Video Privacy Protection Act (VPPA) by disclosing to Facebook, Inc., the personal information of Martinez and other subscribers. Both Martinez and Rumble move (Docs. 110 and 114) for summary judgment on venue, respond (Docs. 119 and 120) to the opposing party's motion, and reply (Docs. 134 and 131) to each response.

**BACKGROUND**[1]

Rumble is a Canadian corporation[2] that operates rumble.com, an online, video-sharing platform. (Doc. 56 at 1) When he registered for a rumble.com

---

[1] Martinez and Rumble both move for summary judgment based on the following facts.

[2] Rumble is owned by a U.S. holding company with the same name. For the purposes of this order, "Rumble" refers to "Rumble Canada, Inc.," the corporation that operates rumble.com.

account, Martinez agreed to Rumble's "Terms and Conditions." (Doc. 115-4 at 92)
The "Terms and Conditions" (Doc. 30-5 at 21) contained a "Choice of Law and Fo-
rum" clause which states:

> These Terms of Use and the Agency Agreement, shall be
> governed by and construed in accordance with the laws of
> the Province of Ontario or, at Rumble's discretion, the fed-
> eral laws of the United States, excluding its conflicts of law
> rules. You expressly agree that the exclusive jurisdiction for
> any claim or action arising out of or relating to these Terms
> of Use, the Agency Agreement, or your use of the Rumble
> Services, shall lie only in the Ontario Superior Court of Jus-
> tice at Toronto, or at Rumble's discretion, in the United
> States Federal District Court for the judicial district in
> which your address is located, or if your address is outside
> of the United States, for any judicial district in the United
> States, and you further agree to and submit to the exercise
> of personal jurisdiction of such courts for the purpose of lit-
> igating any such claim or action.

Martinez sues (Doc. 1) Rumble. An earlier order (Doc. 54) denies Rumble's
motion to dismiss the complaint for improper venue and limits discovery to the issue
of venue. After discovery, Rumble moves (Docs. 111 and 114) for summary judg-
ment and argues that the forum-selection clause mandates that the Ontario Superior
Court (OSC) and Ontario law resolve this action and that even if the forum-selection
clause is unenforceable "the *forum non conveniens* factors favor dismissal for the courts
of Ontario." Martinez moves (Doc. 110) for summary judgment and argues that dis-
missing this action in favor of OSC would deprive Martinez of a remedy. Each party
provides testimony from an "expert in Canadian privacy law" who disagrees with
the other party's expert about the applicability of Ontario law to this action.

## DISCUSSION

### I.  Valid and Enforceable Forum-Selection Clause

The forum-selection clause requires Martinez to submit to jurisdiction in OSC or at Rumble's discretion in the "federal" district court where Martinez resides.  The Middle District of Florida satisfies neither requirement.  Rumble declines to submit voluntarily to a "federal" district court.  But even if Rumble agreed to submit this action to a "federal" district court, Martinez resides in New Mexico.  (Doc. 1 ¶ 13)

A forum-selection clause is presumptively valid and enforceable unless the plaintiff proffers a "strong showing" that enforcement of the clause "would be unfair or unreasonable."  *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 15, 18 (1972), and imposing a heavy burden on the party resisting enforcement of a forum-selection clause).  To invalidate the forum-selection clause, Martinez must show (1) that the clause's formation was induced by fraud or overreaching; (2) that, because of inconvenience or unfairness, OSC would deprive Martinez of his day in court; (3) that Ontario law would deprive Martinez of a remedy; or (4) that the enforcement of the clause would contravene public policy.  *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (quoting *Krenkel*, 579 F. 3d at 1281).  Martinez advances

- 3 -

no claim that enforcing the forum-selection clause is unfair, inconvenient, or contrary to public policy.[3]

A forum is adequate "if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009); *see also Piper Aircraft Co. v Reyno,* 454 U.S. 235 at 254 & n.22 (finding dismissal inappropriate when "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all"). Martinez argues that Ontario law and OSC fail to provide an adequate remedy. The parties agree that Canada's Personal Information Protection and Electronics Document Act (PIPEDA) applies to the same subject matter as VPPA, but the parties disagree about whether PIPEDA provides Martinez a remedy.[4] Martinez contends that because he is a U.S. citizen a Canadian court will decline jurisdiction and that PIPEDA offers Martinez no private right of action.

The Canadian Supreme Court in *Society of Composers, Authors and Music Publishers of Canada v. Canadian Assn. of Internet Providers*, 2004 SCC 45, explains that the Canadian Parliament does "not intend its legislation to receive extraterritorial

---

[3] To the extent that Martinez argues that Rumble induced Martinez's agreement to the forum-selection clause through fraud or overreaching by describing Rumble's "Terms and Conditions" as a "non-negotiable contract of adhesion," Rumble employed neither fraud nor overreaching in securing Martinez's agreement to the forum-selection clause. Rumble "reasonably communicated" the forum-selection clause, which was neither hidden nor ambiguous in the "Terms and Conditions." *Krenkel*, 579 F.3d at 1281-82 (finding that a hotel reasonably communicated a forum-selection clause to the Krenkels when the Krenkels signed a one-page form entitled "Acknowledgment, Agreement and Release" which included a forum-selection clause).

[4] PIPEDA's purpose is "to support and promote electronic commerce by protecting personal information that is collected, used or disclosed in certain circumstances, . . . ." VPPA permits a cause of action for any person whose personally identifiable information has been disclosed to another person by a video tape service provider. 18 U.S.C.A § 2710.

- 4 -

application" and that finding a controversy with "real and substantial connection" to
Canada is sufficient for jurisdiction.[5]  Ignacio Cofone, Martinez's expert in Canadian
privacy law,[6] contends that Rumble's connections to the United States (Doc. 115-20
¶ 18), allegedly supported by the majority of Rumble's "monthly active users" living
in the United States, prevent jurisdiction in Canada.  Martinez argues that Rumble's
databases are "stored on servers only in the United States."  Rumble contends that
Rumble stored Martinez's data on servers located in both Canada and the United
States.  (Doc. 110-9 at 7)  Also, Rumble is a Canadian corporation that operates rum-
ble.com, the website central to this action, and most of Rumble's senior executives
work in Toronto.  (Doc. 114 at 22)  The undisputed facts and Canadian caselaw pre-
sented fail to preclude the availability of Canada as a forum for Martinez, and no
language in PIPEDA suggests that only Canadian citizens may file a complaint.[7]

---

[5] The factors informing jurisdiction under PIPEDA include (1) the location of the target au-
dience of the website, (2) the source of the content on the website, (3) the location of the website op-
erator, and (4) the location of the host server.  *SOCAN*, 2004 SCC 45, 59-61.

[6] As noted by *Ford v. Brown*, 319 F.3d 1302, 1311 (11th Cir. 2003), "affidavits attempting to
predict what a foreign jurisdiction will do have little value"; *see also Lisa, S.A. v. Gutierrez Mayorga*,
240 Fed. Appx. 822, 824 (11th Cir. 2007) (affirming a district court's finding that "the defendants'
consent to Guatemalan jurisdiction made them amenable to process there, which was a finding it
was free to make from the conflicting expert affidavits that were filed on the subject").

[7] Martinez cites Canadian caselaw to argue that PIPEDA provides a remedy for Canadian
residents only and not Martinez, a U.S. resident. (Doc. 119 at 12)  *Lawson v. Accusearch Inc.*, 2007 FC
125, holds that PIPEDA does not bar a Canadian investigation into a data privacy claim against a
U.S.-corporation operating a Canadian website. (Doc. 110-32) *Lawson* discusses how PIPEDA
would not apply if the plaintiff "were an American working in the United States."  But in contrast to
*Lawson*, in which the defendant was a U.S. corporation, Rumble is a Canadian organization. Simi-
larly, in *A.T. v. Globe24h.com*, 2017 FC 114, another case cited by Martinez, a Canadian court ex-
plains that PIPEDA "was intended to offer [data privacy] protection in Canada [to] avoid [ ] the ex-
traterritorial effect" of enforcing another country's privacy directive. (Doc. 110-31) The Canadian
court exercised jurisdiction even though a party was a foreign website operator with servers located
outside of Canada. Similarly, *Douez v. Facebook*, 2017 SCC 33, finds jurisdiction over a dispute in-
volving a U.S. company and Canadians. (Doc. 110-33) No case states that the plaintiff must have
(continued…)

Martinez argues that because PIPEDA requires a complainant to file a complaint with an administrative arm of Canada's Parliament, the Office of Privacy Commissioner of Canada (OPC), OSC provides no guarantee of relief. But the parties agree that OPC will consider Martinez's complaint. If OPC declines to investigate a PIPEDA complaint or discontinues a PIPEDA investigation, OPC permits the complainant to apply for a "legal proceeding commenced by a complainant in the Federal Court of Canada." Although Martinez's claim under PIPEDA receives administrative review,[8] the presence of an administrative step fails to show that OSC will provide Martinez "no remedy at all." *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1283 (11th Cir. 2001); *Lisa, S.A. v. Gutierrez Mayorga*, 441 F. Supp. 2d 1233, 1238 (S.D. Fla. 2006) (Moore, J.), *aff'd,* 240 Fed. Appx. 822 (11th Cir. 2007). Martinez fails to show that OSC or the Federal Court of Canada would decline jurisdiction.[9]

Also, Rumble argues that Martinez could assert, in lieu of a PIPEDA claim and in OSC, common law claims such as intrusion upon seclusion, public disclosure of private facts, breach of confidence, unjust enrichment, and breach of contract.

---

Canadian residency. The cases cited by Martinez suggest only that Canadian courts favor jurisdiction when a Canadian plaintiff sues a foreign defendant. Also, OSC has certified class actions under PIPEDA. (Doc. 110-28; Doc. 110-29).

[8] PIPEDA permits OPC a year to issue a report on an investigation's findings. Rumble "submits that it is willing to toll its statute of limitations defenses for 15 months . . . and not to contest a real and substantial connection to any proceedings before the OPC or the OSC." (Doc. 131 at 5; Doc. 133)

[9] Rumble agrees (Doc. 112) to jurisdiction of the courts in Ontario, Canada, including OSC and the Federal Court of Canada. The defendant's willingness to litigate in an alternative forum is acceptable. *See Lisa, S.A.*, 441 F. Supp. 2d at 1237, *aff'd,* 240 Fed. Appx. 822 (11th Cir. 2007) (finding "that Guatemala is an 'available' forum, as Defendants have consented to jurisdiction there").

Martinez contends that because he does not plead these torts in this action, he cannot do so in OSC. But Martinez cannot "plead around" the forum-selection clause. *De-Roy v. Carnival Corp.*, 963 F.3d 1302, 1307 (11th Cir. 2020). Also, Martinez argues that he sustained no injury sufficient to satisfy the prerequisites of a claim for pleading "intrusion upon seclusion." But an available forum need only "[be] willing to submit to jurisdiction" and apply law providing "comparable remedies." *Cessna Aircraft Co.*, 562 F.3d at 1382; *see also In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1333 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 Fed. Appx. 840 (11th Cir. 2011) ("although the parties disagree on how well [Irish law] mechanisms are suited for this particular case, it is clear that, under applicable case law, they constitute an adequate substitute"). Nothing suggests that Canadian common law claims would fail to offer a remedy reasonably equivalent to the remedy available in this action.

Martinez argues no "exceptional circumstances predicated on public interest considerations" that justify not enforcing the forum-selection clause. *McArthur v. Kerzner Int'l Bahamas Ltd.*, 607 Fed. Appx. 845, 847 (11th Cir. 2015) (quoting *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). Public interest factors include "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Aviation One of Florida, Inc. v. Airborne Insurance Consultants (PTY), Ltd.*, 722 Fed. Appx. 870, 885 (11th Cir. 2018). A "relevant public interest factor[ ] include[s]

- 7 -

the sovereigns' interests in deciding the dispute." *Republic of Panama, v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 953 (11th Cir. 1997).

The United States has an interest in providing a forum for a U.S. citizen, but this factor alone cannot establish that the Middle District of Florida is the proper forum. *Aviation One*, 722 Fed. Appx. at 870. Canada presumably "has an interest in how Canadian contracts and Canadian laws are interpreted." *CAE USA, Inc. v. XL Ins. Co.*, 2011 WL 1878160, at *8 (M.D. Fla. 2011) (Bucklew, J.). The forum-selection clause's choice of law is Ontario law, with which OSC "would obviously be more familiar." *Aviation One*, 722 Fed. Appx. at 885. Although congestion of OSC or OPC is unknown, "the Middle District of Florida [is] one of the busiest districts in the United States." *Aviation One*, 722 Fed. Appx. at 885. Martinez emphasizes that Rumble's U.S. holding company established headquarters in Longboat Key, Florida (Doc. 110-11 at 19), but Martinez signed the contract with rumble.com, which is operated by a Canadian company and managed by senior executives working in Toronto. (Doc. 120 at 19; Doc. 121-1) This action is a "business transaction with minimal ties to Florida," not "a localized controversy." *Aviation One*, 722 Fed. Appx. at 885. Martinez shows no connection between the holding company's Florida headquarters and this action.

Martinez "has presented no evidence that [his] remedy would be 'altogether lost' in the instant action," and the possibility of Martinez "being deprived of some relief is not sufficient to find" that the Canadian forum is inadequate. *Gutierrez Mayorga*, 441 F. Supp. 2d at 1237–38, *aff'd*, 240 Fed. Appx. 822, *BCCI Holdings S.A.*,

- 8 -

119 F.3d 935, 952 (11th Cir.1997) ("[a]ccordingly, the three circuits that have considered this issue have concluded that a plaintiff's inability to assert a RICO claim . . . in the foreign forum does not preclude *forum non conveniens* dismissal"). Martinez fails to establish that the forum-selection clause is invalid.

## II. Mandatory Character and Applicability of the Forum-Selection Clause

Even if valid, a forum-selection clause that is permissive is unenforceable. 14D Charles Alan Wright, et al., Federal Practice and Procedure § 3801-3840 (4th ed. 2023). Martinez argues that the forum-selection clause is permissive — and unenforceable — because the forum-selection clause uses "ambiguous language" and fails to limit the parties to an "exclusive forum." But the words "only," "shall be," "exclusive jurisdiction," and "or" in the forum-selection clause specify that no permissible forum exists beyond OSC or, at the defendant's discretion, a "federal" district court in the jurisdiction where the plaintiff resides. *Don't Look Media LLC v. Fly Victor Ltd.,* 999 F.3d 1284, 1297 (11th Cir. 2021) (holding a forum-selection clause mandatory from the "repeated use of the modifier 'exclusive' and from the use of the verb 'shall'"). The fact that "a bargained-for provision may be more favorable to one party than another as to the choice of forum does not make the contract ambiguous or suggest fraud." *Don't Look,* 999 F.3d at 1297–98 (rejecting a party's argument that a mandatory, enforceable forum-selection clause must provide reciprocal and equal benefits to contracting parties). Because the forum-selection clause unambiguously designates an exclusive forum, the forum-selection clause is mandatory and applicable.

- 9 -

28

## CONCLUSION

Rumble's motion (Docs. 111 and 114) for summary judgment is **GRANTED**, and Martinez's motion (Doc. 110) for summary judgment is **DENIED**.  In accord with the forum-selection clause, the Middle District of Florida is an improper forum.  Martinez must submit his dispute, if at all, under Ontario law to OSC or in accord with Rumble's statement (Doc. 112) to the courts in Ontario, Canada.  The clerk must enter judgment for the defendant and against the plaintiff dismissing this action without prejudice for improper venue.  The clerk must close the case.  Jurisdiction is **RETAINED** to resolve Rumble's pending motion for sanctions against the former plaintiff, James Buechler.

ORDERED in Tampa, Florida, on December 22, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JESSE MARTINEZ**, on behalf of
themselves and all others similarly
situated,

                **Plaintiff,**

**v.**                                      **Case No:  8:22-cv-2237-SDM-AAS**

**RUMBLE, INC.,**

                **Defendant.**

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came before the Court and a decision has been rendered.

        **IT IS ORDERED AND ADJUDGED** that Judgment is entered for the Defendant

and against the Plaintiff and this action is dismissed without prejudice for improper venue.


**Any motions seeking an award of attorney's fees and/or costs must be filed
within the time and in the manner prescribed in Local Rule 7.01, United States
District Court Middle District of Florida.**

Date: December 27, 2023

                                ELIZABETH M. WARREN,
                                CLERK

                                s/K. Elliott, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions…" and from "[i]nterlocutory decrees…determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JESSE MARTINEZ, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>RUMBLE INC.,<br><br>      Defendant. | Case No. 8:22-cv-02237-SDM-AAS<br><br><br>**NOTICE OF APPEAL** |

Plaintiff Jesse Martinez appeals to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered on December 27, 2023.

Dated: January 26, 2024

Respectfully submitted,

Nicomedes Sy Herrera (#1029853)
Herrera Kennedy LLP
5072 Annunciation Circle, Suite 207
Ave Maria, FL 34142
Tel: (510) 422-4700
nherrera@herrerakennedy.com

Rachel Geman (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
rgeman@lchb.com

Michael K. Sheen (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
msheen@lchb.com

/s/ *Christopher J. Cormier*

Christopher J. Cormier (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com

Daniel H. Charest (*pro hac vice*)
Hannah M. Crowe (*pro hac vice*)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Tel: (469) 904-4550
dcharest@burnscharest.com
hcrowe@burnscharest.com

Shawn M. Kennedy
HERRERA KENNEDY LLP (*pro hac vice*)
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
skennedy@herrerakennedy.com

*Attorneys for Plaintiff and the Proposed Class*

2