# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| JESSE MARTINEZ, on behalf of himself and all others similarly situated, | Case No. 8:22-cv-02237-SDM-AAS |
| Plaintiffs, | |
| v. | |
| RUMBLE INC., | |
| Defendant. | |

## RUMBLE'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS

Defendant Rumble, Inc. ("Rumble"), by and through its undersigned counsel and pursuant to Local Rule 7.01 and this Court's Order dated July 11, 2024 (ECF No. 156) imposing sanctions on former plaintiff James Buechler ("Buechler"), submits this motion and incorporated memorandum in support of an award of attorney's fees and costs.

### Preliminary Statement

Mr. Buechler's entire lawsuit against Rumble was a sham. He signed up for his Rumble account six days before commencing this litigation on September 29, 2022. He then altered his registration e-mail to make it appear as if he had actually signed up for Rumble eight months before he did—and then submitted that altered email to Rumble in discovery. *See* ECF No. 155 at 14–15. When he was caught, he lied about it repeatedly—in his deposition and in open court at the

evidentiary hearing on Rumble's sanctions motion.  *Id.* at 2, 12–13.  He also committed spoliation—by *deleting* the original registration e-mail (*id.* at 14) *and* the Rumble app he says he used to access the Rumble services (*id.*).

The Supreme Court has held that where "a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may [] make a blanket award" of attorney's fees.  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017).  Applying this test, Magistrate Judge Sansone found that Mr. Buechler had acted in bad faith and recommended that Rumble "be awarded its reasonable attorney's fees and costs incurred in bringing and litigating its motion for sanctions and investigating Mr. Buechler's claims from the initiation of this action."  ECF No. 155 at 19–21.  This Court adopted the Report and Recommendation in full.  ECF No. 156.

The Supreme Court's test in *Goodyear* is a "but for" test—that is, when a court grants sanctions pursuant to its inherent authority to do so, it can order that the sanctioned party recompense its opponent for all "fees that party would not have incurred but for the bad faith."  *Goodyear*, 581 U.S. at 104.  As set forth herein, Rumble has identified fees and expenses it would not have incurred if Buechler had never initiated this sham litigation.  In addition, as explained below, the fees and expenses Rumble seeks to recover are eminently reasonable given that (i) Mr. Buechler's actions prolonged the proceedings and (ii) Mr. Buechler himself retained recognized national counsel whose rates are comparable to the rates charged by Rumble's counsel.

## Procedural History

Mr. Buechler and his co-plaintiff filed this putative class action against Rumble on September 29, 2022.  ECF No. 1.  During discovery, Mr. Buechler produced a purported registration e-mail for his Rumble account bearing a date of January 21, 2022.  ECF No. 155 at 2.  Rumble's records, however, indicate that he created his account on September 23, 2022—just six days before he filed the lawsuit.  *Id.* at 2.  Rumble deposed Mr. Buechler on July 11, 2023.  ECF No. 150-7.  During that deposition, he testified repeatedly that he had created his Rumble account in January of 2022.  *E.g.*, *id.* at 21:4–9, 38:19–22, 146:25–147:2.  He also testified that the Rumble mobile application he had used to access his rumble.com account (and presumably its data) no longer exists on the same phone he had installed it on.  *Id.* at 55:3–6, 55:13–22 ("It is not on my phone.").

When Mr. Buechler was confronted with evidence showing that he could not have received his registration email in January of 2022, he doubled down and insisted that he really did sign up in January 2022.  *Id.* at 146:4–147:6.  By refusing to come clean, Mr. Buechler needlessly prolonged the proceedings.

Rumble asked Mr. Buechler's then-counsel to produce a native version of the registration e-mail by July 17, 2023.  When that day arrived, counsel stated that they were "in the process of investigating" but failed to explain why it would require a week (or longer) for Mr. Buechler to produce a single document that he claimed under oath existed on his phone and that he committed to produce—and that Mr. Buechler *already* should have provided during document discovery.

ECF No. 86-4.  On July 19, 2024, counsel stated that Mr. Buechler "ha[d] not provided the native version of the email, so we are unable to provide it to Rumble."  ECF No. 86-5.  Counsel also stated that "Mr. Buechler has asked . . . to have his claims against Rumble dismissed" and offered a stipulation for dismissal without prejudice that expressly called for Mr. Buechler to remain a member of the putative class.  *Id.*

After Rumble informed Mr. Buechler's counsel that Rumble would not consent to Mr. Buechler's request to be excused from the case on his proposed terms, on July 24, 2023, Mr. Buechler's prior counsel moved to withdraw from representing him.  ECF No. 82.  That motion provided no reason for counsel's sudden desire to cease representing their client and stated only that "Mr. Buechler consents to the withdrawal."  *Id.* at 1.  That same day, Mr. Buechler filed a motion to dismiss the case as to him—this time providing that the dismissal would be with prejudice.  ECF No. 81.

Rumble opposed counsel's motion to withdraw because the motion failed to provide a valid basis for withdrawal under Florida law.  ECF No. 89.  Rumble responded to Mr. Buechler's motion to dismiss by requesting that (1) any dismissal be conditioned on the payment of half of Rumble's costs and fees as of that date, or (2) the Court should expressly state that it retains jurisdiction to resolve all appropriate sanctions in respect of Mr. Buechler's misconduct.  ECF No. 88.

Rumble moved for sanctions against Mr. Buechler on August 7, 2023. Two days later, Mr. Buechler's then-counsel made an "emergency" motion to expedite consideration of their motion to withdraw. ECF No. 90. Rumble responded the same day (ECF No. 91). The Court denied the motion to expedite on August 14, 2023, referred the withdrawal and sanctions motions to Magistrate Judge Sansone, and granted Mr. Buechler's motion to dismiss but expressly retained jurisdiction to resolve the pending motion for sanctions. ECF No. 92.

On August 23, 2023, the Court denied counsel's motion to withdraw and directed Mr. Buechler to produce, through counsel, the native version of his rumble.com registration e-mail by September 8, 2023. ECF Nos. 96–97. On September 8, 2023, Mr. Buechler's then-counsel again moved to withdraw and also moved for *in camera* disclosure. ECF No. 103, 105. Counsel also filed a "statement" asserting that "Buechler has provided counsel with a document in .pdf format that is neither the native version of nor an accurate depiction of the native version of that email." ECF No. 104. Counsel did not provide that document to Rumble at that time and also did not provide the native registration e-mail as the Court had ordered.

Magistrate Judge Sansone held an in-person hearing in Tampa on October 10, 2023. At that hearing, counsel made a corrective disclosure providing that "the January 2022 email provided originally by Mr. Buechler to counsel . . . is not an accurate representation of his registration email or his registration date, . . . and that the corrected disclosure . . . also applies to any testimony he gave that

the January 2022 email was an accurate representation of his registration email and registration date."  ECF No. at 124 at 4–5.  At the hearing, Magistrate Judge Sansone granted counsel's motion for *in camera* disclosure and their motion to withdraw from representing Mr. Buechler.  ECF No. 118.

The Court scheduled an evidentiary hearing on Rumble's sanctions motion for November 9, 2023.  ECF No. 118.  On October 20, 2023, Mr. Buechler sent the Court an *ex parte* letter asking for a postponement to allow him time to find a new attorney.  ECF No. 126.  The Court directed Rumble to respond to this request, and Rumble consented to a reasonable postponement not to exceed 90 days.  ECF No. 135.  The Court thereafter scheduled the evidentiary hearing for February 15, 2024.  ECF No. 136.

Mr. Buechler's new counsel entered an appearance on January 29, 2024 (ECF No. 140) and on February 8, 2024 moved to continue the evidentiary hearing on sanctions in order to image Mr. Buechler's electronic devices (ECF No. 142)—something that should have been done at the outset of the case.  The Court granted that motion (ECF No. 144) and later scheduled the evidentiary hearing for April 3, 2024 (ECF No. 146).

The parties appeared in Court in front of Magistrate Judge Sansone for the evidentiary hearing on April 3, 2024.  ECF No. 149.  Rumble was represented by two of its attorneys who traveled from New York, and its VP of Technology provided testimony at the hearing.  The parties presented closing arguments remotely on April 29, 2024.  ECF No. 154.

Magistrate Judge Sansone issued a 22-page Report and Recommendation (the "R&R") on June 25, 2024.  ECF No. 155.  In the R&R, she found it to be "unbelievable" that Mr. Buchler "registered his rumble.com account on January 21, 2022."  *Id.* at 14, 12.  Based on a review of all of the testimony from the hearing and the exhibits submitted therein, she concluded that "[c]lear and convincing evidence supports that Mr. Beuchler signed up for his rumble.com account on September 23, 2022, not January 21, 2022."  *Id.* at 14–25.  Accordingly, Magistrate Judge Sansone recommended that "Rumble is entitled to sanctions against Mr. Buechler under the court's inherent power due to Mr. Buechler altering his rumble.com registration email in bad faith and testifying falsely about when he registered for rumble.com."  *Id.* at 15.  The court also recommended sanctions based on Mr. Buechler's deletion of the rumble.com mobile application and registration email, as well as his failure to comply with the Court's August 23, 2023 order directing production of the native version of the email.  *Id.* at 15, 18.

The Court recommended that the sanction be in the amount of Rumble's "reasonable attorney's fees and costs in bringing and litigating its motion for sanctions and investigating Mr. Buechler's claim from the beginning of this action (to the extent these attorney's fees and costs can be separated from work relating to Mr. Martinez's claim)."  *Id.* at 20.  On July 11, 2024, the Court adopted the R&R in full.  ECF No. 156 ("Buechler must pay Rumble the reasonable attorney's fee and costs, including travel expenses, incurred by Rumble in

litigating the motion for sanctions and Buechler must pay Rumble the reasonable attorney's fee and costs in investigating Buechler's claims, to the extent that the fee and costs are separate from Martinez's claims, from the day Buechler initiated this action.").

The Court ordered Rumble to provide Mr. Buechler with an accounting of its attorney's fees and costs. *Id.* at 2. The Court also directed the parties to confer in good faith about the amount owed to Rumble, providing that if the parties could not agree, Rumble must move by August 7, 2024 to support the amount it claims as sanctions. *Id.*

On Friday, July 12, 2024 (the day after the Court's order granting sanctions), Rumble provided Mr. Buechler's counsel with an accounting of its compensable fees and expenses. Dubinsky Decl. ¶ 3.

The parties met and conferred on July 31, 2024 and other days but did not reach definitive resolution on the reasonable amount of fees owed to Rumble. Dubinsky Decl. ¶ 4. Thus, pursuant to the Court's July 11, 2024, Rumble submits this application in support of its request for reasonable attorney's fees and costs attributable to its defense of Mr. Buechler's claim.

## Argument

The Court ordered that Mr. Buechler "must pay Rumble the reasonable attorney's fees and costs, including travel expenses, incurred by Rumble in litigating the motion for sanctions and Buechler must pay Rumble the reasonable attorney's fee and costs in investigating Buechler's claims, to the extent that the

fee and costs are separate from Martinez's claims, from the day Buechler initiated this action."  ECF No. 156 at 2.  As set forth herein, Rumble has submitted substantial evidence of the fees and expenses it incurred within those categories. The evidence plainly shows that the amounts charged were reasonable, and Rumble respectfully requests that this motion be granted in full.

## I.      Rumble's Fee Request Is Reasonable.

"A reasonable attorney's fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1309 (M.D. Fla. 2003) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

The party seeking fees "must produce satisfactory evidence that the requested rate is within the prevailing market rate" and "must support the number of hours worked."  *Bank of Am., N.A. v. Crofton*, 2015 WL 4393873, at *2 (M.D. Fla. July 15, 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983)).

### A.      Rumble's Counsel's Rates Are Reasonable.

Evidence of the reasonableness of a rate must "speak to rates actually billed and paid in similar lawsuits."  *Bank of Am.*, 2015 WL 4393873, at *2.

The rates sought by Rumble's attorneys of record at Holwell Shuster & Goldberg LLP ("HSG") and Shumaker, Loop & Kendrick, LLP reflect the actual rates paid by Rumble in defending this case.  Moreover, as explained in the

accompanying declaration of Gregory Dubinsky, the rates HSG charged Rumble reflect a 15% discount off of HSG's rates for new clients during 2023-2024. Dubinsky Decl. ¶ 12.   Rumble's defense was led by Mr. Dubinsky, who graduated from Yale Law School and who clerked on the United States Supreme Court, the United States Court of Appeals for the D.C. Circuit (for then-Judge Kavanaugh), and the U.S. District Court for the Northern District of Illinois.  Dubinsky Decl. ¶ 7.  Mr. Dubinsky has received recognition in the 2024 and 2023 Lawdragon 500 X – The Next Generation, Benchmark Litigation's 40 & Under Hot List (2022-2024), and the National Law Journal's 2023 General Litigation Trailblazers.  He has also been recognized as a Rising Star by the New York Law Journal (2021) and by Super Lawyers (2020-2023).  Throughout the relevant period, Mr. Dubinsky charged rates ranging from $935 per hour to $1062.50 per hour. Dubinsky Decl. ¶ 23.  The other supervising HSG partner was Jayme Jonat, who graduated from Fordham Law School and who has extensive experience in class actions.  Dubinsky Decl. ¶ 8.  Throughout the relevant period, Ms. Jonat charged a rate of $935 per hour.  Dubinsky Decl. ¶ 23.[1]

Other attorneys at HSG who charged lower rates did substantial portions of the work for which Rumble is seeking recovery, including Jonathon La Chapelle, a senior attorney with 13 years of complex commercial litigation experience, and

---

[1] HSG provided Rumble with a credit for work done during the first five months of 2023 (Dubinsky Decl. p. 7 n.2), so the firm's effective rate during those months was substantially *lower* than the rates described herein.

Sarah Maher, an associate who graduated from Harvard Law School in 2022. Dubinsky Decl. ¶¶ 9, 28.  The fact that Rumble paid HSG at these rates is evidence that the rates are reasonable.  "What an attorney charges his clients is 'powerful, and perhaps the best, evidence of his market rate.'" *Leblanc v. USG7, LLC*, 2015 WL 13741547, at *2 (M.D. Fla. Sept. 22, 2015).

HSG is an elite litigation boutique based in New York.  Dubinsky Decl. ¶ 5. It was formed in 2012 by Hon. Richard J. Holwell, formerly a judge on the U.S. District Court for the Southern District of New York, and his former colleagues from White & Case.  Dubinsky Decl. ¶ 5.  The firm has since grown to include approximately 75 attorneys, a rank that includes another former judge and numerous former law clerks (including four who clerked for Justices on the United States Supreme Court).  Dubinsky Decl. ¶ 5.  In its 12 years, the firm was twice recognized by Benchmark as the New York law firm of the year.  Dubinsky Decl. ¶ 6.

As the accompanying declaration of Hon. Robert Smith explains, HSG's rates are competitive for nationally recognized and elite firms, and indeed below many firms operating in HSG's market.  Smith Declaration ¶ 24.[2]

It was important for Rumble to employ a robust team of attorneys to defend it.  This case involved alleged violations of the Video Privacy Protection

---

[2] Judge Smith's declaration reflects a rate of $420.75 for staff attorneys.  That was the rate for work performed in 2023.  Additional staff attorney work in 2024 was billed at $454.75 per hour.

Act.  As Mr. Buechler testified, the Complaint alleges that he was entitled to $2,500 from Rumble for each time he watched a video on rumble.com.  ECF No. 153, Hearing Tr. 34:13-16.  If the proposed class had been certified, the alleged damages could have run into the billions of dollars.  Moreover, Mr. Buechler retained *four* separate law firms to represent him throughout this case—including lawyers practicing from California to Washington, D.C. to Dallas, Texas.  These law firms included (i) Burns Charest LLP, a Chambers-ranked firm that was recognized in the *National Law Journal* for one of the top 100 monetary verdicts in 2022; (ii) Lieff Cabraser Heimann & Bernstein, LLP, which advertises itself as "[a]mong the nation's largest and most highly regarded plaintiffs' law firms," and which touts having secured in excess of $129 billion in verdicts and settlements for its clients; (iii) Herrera Kennedy LLP, which, according to its website, "tackles complicated litigation matters that range from nationwide class actions to *qui tam* cases to bet-the-company complex business disputes," and whose attorneys have been recognized by *Super Lawyers*, and (iv) Sisco-Law, which calls itself "Tampa's premier litigation & mediation law firm."

Mr. Buechler's decision to retain these attorneys speaks to the complexity of the issues in this case.  Faced with such a variety of recognized lawyers, it was entirely reasonable for Rumble to defend itself by hiring its chosen counsel with the requisite skill.  Courts assessing the reasonableness of fee applications often look to the quality of opposing counsel.  *See In re Sunbeam Sec. Litig.*, 176 F. Supp.2d 1323, 1334 (S.D. Fla. 2001) ("In assessing the quality of representation,

courts have also looked to the quality of the opposition the plaintiffs' attorneys faced."); *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) ("[I]n assessing quality, the Court has considered the quality of the opposition as well as the standing of Plaintiff's counsel.").

Moreover, Mr. Buechler's counsel's rates appear to have been *higher* than HSG's rates, which further confirms that HSG's rates were reasonable.  For example, the chief lawyer defending Mr. Buechler's deposition, Rachel Geman, represented in another VPPA case in 2023 that her rate was $1080 an hour. Dubinsky Decl. ¶ 26 & Ex. 5.  Other senior lawyers representing Mr. Buechler charged similar rates, including Daniel Charest, who submitted a certification in a federal bankruptcy case in 2021 showing a rate of $1050 per hour.  Dubinsky Decl. ¶ 27 & Ex. 6.  Additionally, the lead associate for Mr. Buechler, Hannah Crowe, charged a rate of $700 per hour in 2023—which is more than $200 *higher* than HSG charged Rumble for the time of associate Sarah Maher during that same year.  Both Ms. Crowe and Ms. Maher graduated from Harvard Law School in 2022.  Dubinsky Decl. ¶ 28 & Ex. 7.

Courts in this Circuit and others routinely consider evidence of rates charged by opposing counsel when assessing the reasonableness of a fee request. *See, e.g.*, *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 2010 WL 11508252, at *1 (M.D. Fla. Aug. 13, 2010) ("billing records of Plaintiffs' counsel may have some relevance in determining the amount of attorney's fees to be awarded" to defendants); *Darretta v. Windsor Props.*, 2008 WL 11408767, at *5-

6 (S.D. Fla. May 1, 2008) (granting request for fees where moving party submitted expert opinion finding that "the hourly rates charged by the attorneys to be reasonable and comparable to *hourly rates that have been claimed by opposing counsel*") (emphasis added); *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1267 (D. Kan. 2017) ("The Court may properly consider the rate of opposing counsel when setting reasonable hourly rates."); *Deadwood Canyon Ranch, LLP v. Fid. Expl. & Prod. Co.*, 2014 WL 11531553, at *5 (D.N.D. June 26, 2014) ("One of the critical factors courts have looked to in analyzing the reasonableness of a party's request for attorney's fees is a comparison to the fees charged by opposing counsel.").  *See also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.").

Moreover, HSG's rates are not dissimilar to rates previously approved by this Court and other federal courts in Florida.  *See Junior v. Infinity Ins. Co.*, 2021 WL 4944307, at *4 (M.D. Fla. Mar. 25, 2021) (in 2021, deeming lodestar based on attorney rates of $850 and $800 per hour reasonable); *Trump v. Clinton*, 653 F. Supp. 3d 1198, 1235 (S.D. Fla. 2023) (accepting rates of $800 and $700 per hour for partner time and $450 per hour for associate time).  *See also Grayson v. No Labels, Inc.*, 2024 WL 863117, at *4 (M.D. Fla. Feb. 29, 2024) ("The Magistrate Judge correctly recognized the Court's inherent authority to

consider its own experience and expertise concerning reasonable and proper fees.").

Because the rates are consistent with those charged in the market, they should be deemed reasonable in this case.

**B.   The Hours Rumble Seeks Are Reasonable.**

A party seeking attorney's fees can support its claim by submitting records showing "the time spent on the different claims, and the general subject matter of the time expenditures" and these records must be "set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437 n.12).

Here, Rumble has submitted evidence consisting of contemporaneous time records kept by its attorneys.  Dubinsky Decl. ¶ 11, 23  & Exs. 1, 2.  These records show the time spent on the matter and provide general descriptions of the tasks performed with more than enough detail for the Court to understand the scope of the work for which Rumble is seeking recovery.  The records properly reflect[] the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *See Am. Infoage, LLC v. Regions Bank*, 2016 WL 7733983, at *9 (M.D. Fla. Dec. 7, 2016).  Counsel has affirmed that they carefully reviewed the time entries and endeavored to ensure that the fees sought are consistent with applicable law.  Dubinsky Decl. ¶ 24.[3]

---

[3] As the Ninth Circuit has recognized, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required

The hours for which Rumble is seeking recovery relate directly to Mr. Buechler's claim.  Rumble is seeking recovery for roughly 690 hours of time spent by attorneys, paralegals, and staff.  This amount of time was necessary to defend Rumble given the manner in which Mr. Buechler prolonged the proceedings. Rumble is seeking recovery work done in connection with:

- Mr. Buechler's deposition, at which he perjured himself and refused to admit that he (i) signed up for his rumble.com account six days before suing Rumble, and (ii) altered evidence he produced in discovery (*see* ECF No. 86-3);

- Communicating with Mr. Buechler's prior counsel, including attempts to obtain the native version of the e-mail Mr. Buechler altered (*e.g.*, ECF Nos. 86-4, 86-5, 86-7, 86-8, 86-9);

- Mr. Buechler's request for dismissal from this case—initially seeking to dismiss the case as to him without prejudice and on the condition that he remain a member of the putative class and then moving for dismissal (ECF Nos. 86-5, 81);

- Prior counsel's initial motion to withdraw from representing Mr. Buechler (ECF No. 82);

- Prior counsel's "emergency" motion to expedite ruling on their motion to withdraw (ECF No. 90);

---

to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

- Prior counsel's motion for in camera disclosure (ECF No. 103);

- Prior counsel's second motion to withdraw (ECF No. 105); and

- Rumble's motion for sanctions (ECF No. 85);

In connection with these matters, Rumble's counsel traveled to Tampa twice for in-person hearings.  *First*, two HSG lawyers appeared in Court on October 10, 2023 for the hearing on counsel's second motion to withdraw and their motion for in camera disclosure (ECF No. 117).  At that hearing, Mr. Buechler's prior counsel made a corrective disclosure concerning the e-mail Mr. Buechler altered and also the testimony he had provided about the date on which he registered for his rumble.com account.  *See* ECF No. 124 at 4.  It bears noting that *four* lawyers for Mr. Buechler attended that hearing.  *Second*, two HSG lawyers appeared in Court on April 3, 2024 for the evidentiary hearing—which had been twice postponed.  ECF No. 153.  The same number of lawyers represented Mr. Buechler at that hearing.  Finally, two HSG lawyers represented Rumble at the virtual closing arguments on the sanctions motion—and again the same number of lawyers represented Mr. Buechler at that argument.

*All of this work* could have been avoided if Mr. Buechler had not brought his suit in bad faith.  Moreover, the hours for which Rumble seeks recovery are conservatively estimated.  Where work related solely to Mr. Buechler occurred but a time entry does not make certain how much time was spent on the work related solely to Mr. Buechler, Rumble seeks the bare minimum—*i.e.*, .1 hour of

such time—even though it is highly likely more time was incurred.  Dubinsky Decl. ¶ 16.[4]

In light of the substantial amount of work Mr. Buechler's conduct created, Rumble respectfully submits that the number of hours its counsel spent on these issues was more than reasonable.

## II. The Expenses for which Rumble Seeks Recovery are Reasonable.

The Court's Order provides for Rumble to recover "reasonable attorney's fee and costs, including travel expenses."  ECF No. 156 at 2.  Rumble seeks recovery of costs and expenses directly attributable to Mr. Buechler's bad-faith litigation.  In particular, Rumble seeks:

- Travel and lodging costs for Mr. Dubinsky of $1,384.43 in connection with the deposition of Mr. Buechler in Tampa, Florida on July 11, 2023.  *See Romano v. TD Bank N.A.*, 2024 WL 235005, at *2 (M.D. Fla. 2024) (in granting sanctions, awarding attorneys "for expenses related to their actual costs of travel");

- Court reporter and videographer fees for Mr. Buechler's deposition (a portion of which video was shown at the evidentiary hearing).  *See*

---

[4] Rumble is seeking recovery for work done by paralegals, summer associates, and a managing clerk—all of whom were billed out at rates lower than those of the lawyers.  This is fully consistent with the practice in federal courts in this Circuit.  *See Trump v. Clinton*, 653 F. Supp. 3d 1198, 1232 (S.D. Fla. 2023) ("Billing a client for clerical work done by a non-lawyer related to its case is completely reasonable and expected.").

*George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1298
(M.D.Fla. 2000) ("Reasonable costs associated with depositions . . .
may . . . be taxed."); *Dixon v. U.S.*, 2017 WL 5644604, at *3 (S.D. Fla.
Oct. 13, 2017) (allowing recovery of "costs for the video deposition
that was used at trial");

- Travel and lodging costs for Mr. Dubinsky and Mr. La Chapelle of
  $2,087.99 in connection with the October 10, 2023 hearing on the
  motion to withdraw.  *See Romano*, 2024 WL 235005, at *2.

- Printing costs of $54.98 in connection with the October 10, 2023
  hearing.  *See Satterfield v. CFI Sales & Marketing, Inc.*, 2013 WL
  2455961, at *11 (M.D. Fla. June 6, 2013) (allowing recovery of
  printing costs);

- Fees of $150 for the transcript from the October 10, 2023 hearing on
  the motion to withdraw.  *See* 28 U.S.C. § 1920(2) ("A judge or clerk
  . . . may tax as costs . . . [f]ees for printed or electronically recorded
  transcripts necessarily obtained for use in the case.");

- Travel and lodging costs for Mr. Dubinsky and Mr. La Chapelle of
  $2,425.67 in connection with the April 3, 2024 evidentiary hearing
  on the motion for sanctions.  *See Romano*, 2024 WL 235005, at *2.

- Shipping charges of $75.25 in connection with the sanctions hearing.
  *See Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1275

(M.D. Fla. 2019) (allowing recovery of $522.50 for the cost of shipping transcripts);

- Fees of $708 for the transcript from the sanctions hearing.  *See* 28 U.S.C. § 1920(2);

- Fees of $379.79 for computerized research from March 21, 2024 (the date Mr. Martinez's appeal was dismissed) onward.  *Gavaerts v. TD Bank, N.A.*, 2015 WL 6751061, at *14 (S.D. Fla. Nov. 5, 2015) (awarding reimbursement of costs for "online research"); and

- Expenses incurred in connection with the Declaration of Robert S. Smith, which is submitted herewith as evidence of the reasonableness of Rumble's counsel's rates.  *See Schaden v. Bank of Am., N.A.*, 2008 WL 11469255, at *7 (S.D. Fla. Nov. 14, 2008) (allowing recovery of fees for expert testifying as to reasonableness in connection with Rule 11 sanctions).

All of these costs are reasonable and were necessary to defend against Mr. Buechler's claim and for prosecuting Rumble's motion for sanctions (*see* Dubinsky Decl. ¶ 18), and Rumble respectfully requests that the Court order Mr. Buechler to reimburse Rumble for such expenses.

## III.  Rumble Is Entitled to the Statutorily Specified Witness Fees.

Finally, Rumble is also entitled to witness fees for its VP of Technology, Slava Sterling, who testified at the evidentiary hearing on the sanctions motion. The amount of those fees is prescribed by statute.

*First*, Rumble is seeking travel fees for Mr. Sterling to and from Hollywood, Florida at $.67 per mile pursuant to 28 U.S.C. § 1821(c), totaling $357.78.

*Second*, Rumble is seeking lodging costs for Mr. Sterling at the statutorily prescribed rate of $192.  28 U.S.C. § 1821(d).

*Third*, Rumble is seeking the witness fee for Mr. Sterling of $40 per 28 U.S.C. § 1821(b).

The Court credited Mr. Sterling's testimony at the evidentiary hearing, and recovery of these fees is fully consistent with applicable law.  *See* ECF No. 155.

## Conclusion

Rumble respectfully requests that the Court grant this Motion and award its reasonable attorney's fees and expenses incurred in defending against Mr. Buechler's claims and in prosecuting the Motion for Sanctions, and that Rumble be granted all other relief to which it is entitled.

Dated:  August 7, 2024
        New York, New York

Respectfully submitted,

SHUMAKER, LOOP &
KENDRICK, LLP
Jennifer B. Compton
420 S. Pineapple Avenue
P.O. Box 49948
Sarasota, Florida 34230-6948
(941) 366-6660
jcompton@shumaker.com

*/s/ Gregory Dubinsky*
Gregory Dubinsky (*pro hac vice*)
Jayme Jonat (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
gdubinsky@hsgllp.com

*Attorneys for Defendant Rumble Inc.*